410 F.2d 187
 In re NATTA et al., Movant, In the United States Patent Office Before the Examiner of Interferences, Interference No. 89634. HOGAN et al.
v.
ZLETZ
v.
BAXTER et al.
v.
NATTA et al.
Natta et al., Movant, Appellant.
 No. 17524.
 United States Court of Appeals Third Circuit.
 Argued January 20, 1969.
 Decided April 18, 1969.
 
 Edward S. Irons, Irons, Birch, Swindler & McKie, Washington, D. C. (Edmund D. Lyons, Morris, James, Hitchens & Williams, Wilmington, Del., Mary Helen Sears, Washington, D. C., on the brief), for appellant.
 James M. Tunnell, Jr., Morris, Nichols, Arsht & Tunnell, Wilmington, Del. (David A. Drexler, Lewis S. Black, Jr., Wilmington, Del., on the brief), for appellee; Louis F. Reed, Fish, Richardson & Neave, New York City, Roger A. Hines, Wilmington, Del., of counsel.
 Before HASTIE, Chief Judge, and McLAUGHLIN and STAHL, Circuit Judges.
 OPINION OF THE COURT
 McLAUGHLIN, Circuit Judge.
 
 
 1
 This is a proceeding under 35 U.S.C. § 24 (1952) ancillary to Interference 89634 pending before the Board of Patent Interferences of the United States Patent Office.[1] Appellants, Natta, et al., and their assignee, Montecatini Edison S.p.a. (hereinafter Montecatini) appeal from that part of the final order of the District Court (August 23, 1968) which denies appellants the right to inspect certain documents of appellee, duPont.[2] That order which amended an earlier District Court order (July 3, 1968) stated, in relevant part, "* * * that documents numbered 1, 3, 6 and 8, may be withheld as attorney work product * * *." Montecatini seeks reversal of that finding and production of the said documents.
 
 
 2
 A brief review of the background of this protracted litigation will be helpful for a clear understanding of the issues before us. Montecatini, senior party in the Interference proceeding, endeavored to obtain discovery of certain of duPont's documents pursuant to Rule 34 of the Federal Rules of Civil Procedure. This Court, in an earlier appeal (In Re Natta, 388 F.2d 215) held that the discovery standards of the Federal Rules of Civil Procedure were applicable in Patent Office Interference proceedings.[3]
 
 
 3
 The order of the District Court, implementing an earlier opinion of the Court provided inter alia:
 
 
 4
 "That as to any claim of privilege or trade secret, all such documents shall be made the subject of an appropriate Motion to be filed with the Court * * *."
 
 
 5
 DuPont thereafter filed a "List of Documents With Respect to Which the Party Baxter, et. al. Asserts a Claim of Privilege." Eleven documents were listed designated by numerals 1 to 11 inclusive accompanied by a brief statement of the nature of the privilege asserted as to each. The controversy was subsequently reduced to the six documents numbered 1, 3, 6, 8, 9 and 10. On July 3, 1968, after inspection of the documents[4] the District Court entered an order which read, in relevant part, as follows:
 
 
 6
 "* * * the six documents submitted will be protected from discovery as privileged and so, outside the scope of Rule 34."
 
 
 7
 After a rehearing and complete review of his ruling regarding the six documents the trial judge entered the amendatory final order of August 23, 1968 which is the subject of this appeal and which reduced the questioned documents to numbers 1, 3, 6 and 8.[5]
 
 
 8
 The general nature of those documents was set forth by duPont's counsel in a letter dated June 18, 1968 addressed to the District Court. That correspondence was at the request of the trial court and was added to the docket for purposes of this appeal by stipulation and order. The express purpose of the correspondence was "to set forth the relevant facts upon which the respective claims of privilege are asserted." It is sufficient to note that documents 1, 3 and 6 are reports from duPont attorneys to duPont management personnel analyzing the nature of the duPont case in Interference 89,634 and evaluating its prospects for success. Document 8, written by a duPont attorney, was addressed to the outside counsel representing duPont in this Interference proceeding. That letter in essence is an analysis of the position of duPont in the pending Interference.
 
 
 9
 Montecatini, in requesting production of these documents, alleges, inter alia, that:
 
 
 10
 "The courts generally have failed to `mediate between' (1) the paramount public policy considerations peculiar to the field of corporate patent solicitation which foreclose the work product and privilege immunities of the type here asserted by duPont and (2) the competing social policies by which those immunities are sometimes justified in ordinary litigation." (Emphasis in original).
 
 
 11
 Montecatini claims substantially that the paramount federal patent policy of full disclosure precludes use of privilege and work product immunities to deny access to information concerning the solicitation of a party's own patent. That argument is not premised on a challenge to these immunities in any form in patent proceedings but is concerned only as to the allowance of the attorney-client and work product immunities in connection with the solicitation of a party's own patent. Montecatini argues that the "modern trend of the law rejects unconditionally any idea that material relevant to a pending patent application may be withheld by either the applicant or his attorney." (Emphasis in original). We do not think that this constitutes the trend of the recent decisions and deem it unwise to foster such an inflexible, absolute rule in complex patent problems. We fully recognize in such situations the public interest in full disclosure and high standards of candor and good faith expected of all parties. We cannot conclude, however, that the proper application of work product and attorney-client privilege will be detrimental to the public interest or offend paramount federal patent policy whenever a patent solicitation is involved.[6] Our position finds support in the recent opinion in Natta v. Hogan, 393 F.2d 686 (10 Cir. 1968). Specifically we cite with approval the language of Judge Breitenstein therein at pp. 691, 692:
 
 
 12
 "Montecatini says that there is no justification for the claim of privilege because of the `full disclosure' provisions of the patent laws. (footnote omitted). We recognize that in patent proceedings the applicant must observe the highest degree of candor, honesty, and good faith. In our opinion this does not foreclose the assertion of a claim of privilege in a patent proceeding. The attorney-client privilege is designed `to facilitate the administration of justice', (footnote omitted) in order `to promote freedom of consultation of legal advisors by clients.' (footnote omitted). We see no reason why this long-established principle should not be applied to patent cases. The public interest is in the development of the truth, both in patent proceedings and in ordinary litigation. The duty of full disclosure differs from the freedom of consultation with lawyers.
 
 
 13
 "* * * We agree with Phillips that an automatic waiver of the privilege does not occur when a patent controversy is presented."
 
 
 14
 Although Judge Breitenstein was referring to attorney-client privilege, we are of the opinion that the same sound reasoning should be adopted with respect to attorney work product doctrine. As early as 1954 in Zenith Radio Corp. v. Radio Corp. of America, 121 F.Supp. 792 (D.Del.1954) Judge Leahy recognized the need for judicial discretion in this field. Speaking specifically about work product exemption he said at p. 793:
 
 
 15
 "Hereinafter, criteria for non-production are established which resolve the greater part of the conflict, but sufficient elasticity has been provided to encompass the exceptional patent department document. With so many documents written under varying circumstances and times, one blanket ruling on their production would unnecessarily risk inaccuracies of generalization."
 
 
 16
 We have carefully examined appellant's attempts to show the absence of justification for the application of attorney-client privilege and the work product doctrine where patent procurements by corporations are involved. We hold that in a particular situation both attorney-client and work product immunity may be available to the solicitation of a party's own patent. We reject the absolute rule urged by appellant. We deem it wise that flexibility be maintained and that sound judicial discretion be exercised on a case by case basis. The opinion in Hogan v. Zletz, 43 F.R.D. 308, 315 (N.D. Okl.1967) affirmed in part Natta v. Hogan, supra, is to the point and illustrates our thought:
 
 
 17
 "The public interest is not an absolute unyielding mandate, but rather a discretionary function of the Court to be weighed along with other factors in determining the applicability of the privilege and the `work product' rule."
 
 
 18
 See also: Sperry-Rand Corp. v. International Business Mach. Corp., 45 F.R.D. 287 (D.Del.1968); Natta v. Hogan, supra.
 
 
 19
 Appellant further contends that "Rejection of attorney-client privilege and work product claims for patent solicitation documents follows as a matter of course from routine application of the principle of federal supremacy consistently applied by the Supreme Court in analogous circumstances to preserve the public policy of the patent system from compromise by antithetical state law." That attitude necessarily implies that the acceptance of attorney-client privilege and the work product doctrine in any circumstances constitutes an encroachment upon federal patent policies. We are satisfied that recognition of the attorney-client privilege and the work product doctrine does not compromise the public interest in patent problems. As we have indicated this is an area calling for the exercise of sound judicial discretion with respect to each separate situation that may be advanced.
 
 
 20
 The District Court order dated August 23, 1968 (set out in full, footnote 5) exempted documents 1, 3, 6 and 8 as "attorney work product."[7] Preliminarily the problem arises whether the work product exemption as set forth by Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947) is available in a patent interference proceeding, which is administrative in nature. Appellant quotes Judge Wright in Minnesota Mining & Mfg. Co. v. Gentex Corp., 153 U.S.P.Q. 110 (D.Del.1967) at p. 111 as follows: "* * * Attorneys are not giving legal advice when advising their clients about patent matters except insofar as there may be a controversy pending in a court of record * * *." It has been suggested that the work product exception be limited to proceedings in a court of record. In Zenith Radio Corp. v. Radio Corp. of America, supra 121 F.Supp. p. 795, Judge Leahy stated: "Seldom, if ever, are patent department employees engaged in actual preparation for a trial of the required type. Remote possibility of litigation such as surrounds nearly every act of the office attorney is an insufficient showing. Preparations for Patent Office proceedings and interferences do not qualify because of the administrative nature of the hearings, the qualifications for admission to practice, and absence of the discovery techniques in the rules of practice." Despite the above language we do not read Hickman v. Taylor, supra, as construing the work product doctrine so tightly as to confine it to proceedings in a court of record. See Natta v. Hogan, supra, 392 F.2d p. 693. It is now settled that the discovery provisions of the Federal Rules of Civil Procedure are available in Patent Office Interference proceedings. In re Natta, supra. We should note that the documents in this appeal deal with the pending Interference proceeding. Those documents are not the ordinary business records of a corporate legal department but were prepared especially for the said Interference. We conclude that the work product exemption as set out in Hickman may be allowable in an Interference proceeding under these circumstances. We will not limit the authority of the work product doctrine to court of record litigation.
 
 
 21
 We turn now to the dispute between the parties i. e. whether or not documents 1, 3, 6 and 8 are work product under Hickman v. Taylor, supra. Hickman grants to attorney's work product a qualified immunity from discovery stating 329 U.S. p. 511, 67 S.Ct. p. 394:
 
 
 22
 "We do not mean to say that all written materials obtained or prepared by an adversary's counsel with an eye toward litigation are necessarily free from discovery in all cases. Where relevant and non-privileged facts remain hidden in an attorney's file and where production of those facts is essential to the preparation of one's case, discovery may properly be had."
 
 
 23
 The work product immunity in Hickman is definitely limited since a showing of good cause may justify production of documents which otherwise might be protected as work product. Alltmont v. United States, 177 F.2d 971 (3 Cir. 1950). The burden of proof is on appellant Montecatini to furnish adequate reasons from the surrounding circumstances for production of the four documents. Appellant initially contends that the finding of "good cause" in our earlier decision (In re Natta, supra) is now res judicata and therefore "prima facie good cause exists for the production of all of the four documents in issue * * *." The answer to this is that by express language (footnote 3) we preserved duPont's claims of privilege and did not rule on that contention. Said finding of "good cause" is therefore not res judicata with reference to the papers on this appeal. Appellant alleges that "there is no way in which the information contained in these communications can be obtained by Natta except through production here requested." The fundamental conception of what is the fair work product immunity with which we are concerned can be readily ascertained from the Hogan opinion, supra, 392 F.2d at p. 693 which reads:
 
 
 24
 "We shall not prolong this opinion by any lengthy discussion of contested documents. Many relate to tests and experiments. Phillips has a duty to disclose to the Patent Office all facts relating to the possible equities of the patent application. (footnote omitted). It cannot hide behind the work product doctrine the research, tests, and experiments which are pertinent to the patent application."
 
 
 25
 From our study of documents 1, 3, 6 and 8 we conclude that they are legal in nature. They consist of attorneys' analyses or assessments of duPont's position with respect to the various parties in the interference litigation. These papers are legal opinion. The analyses therein reflect the conclusions of attorneys respecting the materials upon which is founded appellants' Interference proceeding. The fact that they may recite the data upon which the opinion is based does not of itself render them non-legal. There has been no attempt by duPont to shield from discovery "research, tests, and experiments which are pertinent to the patent application." Cf. Natta v. Hogan, supra. The entirely valid rationale behind the work product theory is the prevention of unnecessary interference with the work of an attorney. We see no reason why that rationale should not be at hand in patent suits when, as in this appeal, the documents are fundamentally legal opinions and analyses. The references to factual data are in connection with those opinions and analyses. As said in Natta v. Hogan, supra, p. 693: "An attorney's work in the patent law field should be as much his own as it is in other areas of the law." Since, as we view them, the documents are the reflection of attorneys' professional conclusions from the information upon which this Interference proceeding relies we must agree with appellee's position that the trial court was within its discretion under these circumstances in not requiring production of the documents.[8] Implicit in our finding is a rejection of Montecatini's assertion that the policy considerations peculiar to the federal patent laws in every instance call for the production of the kind of documents we have in this appeal even though they may be genuine attorney work product.
 
 
 26
 Appellant seems to suggest that the application of the work product doctrine should be held to handwritten notes prepared for the private use of an attorney. It urges that the documents in this appeal "are in the nature of letters allegedly prepared by a duPont attorney as a report to another duPont employee or, as in the case of document 8, to outside counsel." The language of Hickman v. Taylor, supra, 329 U.S. at p. 511, 67 S. Ct. at p. 393, bars this worm's eye conception of the work product doctrine.
 
 
 27
 "This work is reflected, of course, in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways — aptly though roughly termed by the Circuit Court of Appeals in this case as the `Work product of the lawyer'. Were such materials open to opposing counsel on mere demand, much of what is now put down in writing would remain unwritten." (Emphasis supplied).
 
 
 28
 Finally, Montecatini would have it that duPont "has failed to discharge its burden to establish the factual prerequisites to the rights of exclusion it demands." Appellant concedes that the authors of documents 1, 3 and 8 were at all relevant times attorneys and employees of duPont engaged in the business of patent solicitation on behalf of duPont. It does not make a similar concession about the author of document 6. The status of the authors of these documents was explained in the letter of June 18, 1968. This manner of identification was directed by the District Court judge at a hearing which Montecatini's counsel attended and made no objection. As mentioned heretofore the said letter, by stipulation and order of the court, was added as a docket entry for purposes of this appeal. Under these circumstances the identification of the authors of the documents before us adequately establishes the factual prerequisite to a claim of work product.
 
 
 29
 The order of the District Court dated August 23, 1968 will be affirmed.
 
 
 
 Notes:
 
 
 [1]
 See our prior opinion in this same case, 388 F.2d 215, 216 for explanation of a patent interference proceeding
 
 
 [2]
 The question of our jurisdiction under 28 U.S.C. § 1291 has not been raised by the parties on this appeal, although the record indicates there was limited discussion on the point in the trial court. The issue of the appealability of District Court orders in collateral discovery proceedings was raised by Judge Breitenstein sua sponte in Natta v. Hogan, 392 F.2d 686 (10 Cir. 1968). We agree with his conclusion that orders of the type in question here are final and appealable under 28 U.S.C. § 1291
 
 
 [3]
 The court stated 388 F.2d at p. 220:
 "We have examined duPont's claims involving trade secrets, cost of compliance and privilege. In our judgment the Court below adequately considered these issues. Its order properly protects any claims duPont may have in this regard."
 That prior appeal as is seen did not reach the question of work product or attorney-client privilege as to the four documents now before us.
 
 
 [4]
 The six documents were submitted to the District Court Judge for "in camera" inspection. The four documents remaining in question on this appeal have been made available to this Court and have been inspected carefully
 
 
 [5]
 Said order of the District Court reads as follows:
 "And Now, to wit, this 23rd day of August, 1968, the party Natta, et al., having moved this Court for the entry of a final judgment pursuant to the terms of Rule 54(b), F.R.C.P., concerning the 35 U.S.C. § 24 proceeding in this Court,
 "And It Appearing that on July 3, 1968, this Court directed that six documents numbered 1, 3, 6, 8, 9 and 10, were privileged with the result that the party Baxter, et al., was not required to produce said documents for the inspection of the party Natta, et al.;
 "On July 29, 1968, this Court in Sperry Rand v. I.B.M., (Del.Misc. 45), reviewed the entire question of the applicability of the attorney-client privilege and the work product exceptions to the production of documents in connection with Interference proceedings in the Patent Office determining both that the attorney-client privilege and the work product exception could be asserted in a proceeding brought under 35 U.S.C. § 24 and Rule 34 F.R.C.P.;
 "And The Court having reviewed its disposition of documents numbered 1, 3, 6, 8, 9 and 10, in the light of its recent decision of July 29, 1968, above referred to, and having determined that documents numbered 9 and 10 are not privileged and should be produced by Baxter;
 "And It Appearing that the disposition of these six documents will conclude the proceeding before this Court brought pursuant to 35 U.S.C. § 24 and Rule 34, F.R.C.P., and there being no just reason to delay the entry of a final judgment,
 "Ordered:
 "That the order of July 3, be and hereby is amended so that documents numbered 1, 3, 6 and 8, may be withheld as attorney work product, and that documents numbered 9 and 10 must be produced as sufficient relevance for the purpose of Rule 34 appears in the documents and the claim of trade secret is not well founded."
 
 
 [6]
 Cases cited by appellants in their policy argument are not contrary. For example, Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co., 324 U.S. 806, 65 S.Ct. 993, 89 L.Ed. 1381 (1945) involved collusion among patent applicants to prevent prior art from coming to the attention of the Patent Office. Corning Glass Works v. Anchor Hocking Glass Corp., 253 F.Supp. 461 (D.Del.1966), reversed 374 F.2d 473 (3 Cir. 1967), a patent infringement case, involved alleged misrepresentations to a patent officer. Neither case involved application of the work product principle or attorney-client privilege
 
 
 [7]
 Our decision concerning these documents will be limited to work product since the final order of the District Court dated August 23, 1968 (set forth in full footnote 5), which is the subject of this appeal, exempted documents 1, 3, 6 and 8 as such. Attorney's work product is separate and distinct from attorney-client privilege. Radiant Burners, Inc. v. American Gas Assn., 320 F.2d 314, 98 A.L.R. 2d 228 (7 Cir. 1963), cert. denied 375 U.S. 929, 84 S.Ct. 330, 11 L.Ed. 262 (1963)
 
 
 [8]
 Appellant in its brief states that apparently the author of document 1 and the duPont addressee thereof have died in the course of this litigation. That information if correct does not affect our ruling on the document. The latter is unquestionably the attorney work product of the author and under the facts before us it was within the wise discretion of the trial judge whether discovery be had regarding it