415 F.2d 777
 163 U.S.P.Q. 140
 The BABCOCK & WILCOX COMPANY, Assignee of the Interference
Parties Dungey and Frendberg, Appellant,
v.
FOSTER WHEELER CORPORATION, Assignee of the Interference
Parties Gorzegno, Weber and Pai.
 No. 17872.
 United States Court of Appeals Third Circuit.
 Argued May 23, 1969.
Decided Sept. 9, 1969.
 
 Roland T. Bryan, Robertson, Bryan, Parmelee & Johnson, Stamford, Conn., for appellant.
 Robert L. Austin, Pendleton, Neuman, Seibol & Williams, Chicago, Ill., for appellee.
 Before FREEDMAN, SEITZ and ALDISERT, Circuit Judges.
 OPINION OF THE COURT
 SEITZ, Circuit Judge.
 
 
 1
 This is an appeal from a district court order denying appellant's motion under F.R.Civ.P. 34 for an order compelling the appellee to produce certain documents for inspection and copying in connection with a contested Interference Proceeding pending between them in the Patent Office.
 
 
 2
 Section 24 of 35 U.S.C.A. authorizes the district court of the district wherein testimony is to be taken for use in a contested case in the Patent Office to entertain applications under the Federal Rules of Civil Procedure relating to the attendance of witnesses and to the production of documents and things. The Patent Office Rules divide Interference Proceedings in the Patent Office into three distinct stages:
 
 
 3
 (1) The period for the declaration of the interference and the filing of the preliminary statements;
 
 
 4
 (2) the preiod for filing motions to dissolve the interference, etc.; and
 
 
 5
 (3) the trial period during which the parties may take testimony in a designated order for possible use at the trial in the Patent Office.
 
 
 6
 The appellant's motion was filed with the district court during the motion period of the Interference Proceedings and was denied by the district court on the ground that it was premature because it sought materials which under the Rules and determinations of the Patent Office could not be used in the Patent Office proceedings at the motion stage. However, the district court's order denying the motion recited that its denial was without prejudice to appellant's right to renew its motion after the completion of the motion period in the Interference Proceedings.
 
 
 7
 We consider the issue of the appealability of the order in question. Our court has held that in discovery proceedings under 35 U.S.C.A. 24, a district court order which determined the merits is an appealable final order. In re Natta, 410 F.2d 187, 189 footnote 2 (3rd Cir. 1969). But here the district court did not rule on the merits of the motion. Indeed, appellant does not and cannot contend that it will be prejudiced by not having discovery for use at the motion stage, because, as the district court found, the material sought could not be used in the Patent Office proceedings at that stage.
 
 
 8
 Appellant's basic contention is that it is in the spirit of the Federal Rules to permit discovery at any stage. It thus can be seen that this appeal seeks a review of the propriety of district court action which did not determine the merits of appellant's motion and which did not have the effect of prejudicing the appellant. In these circumstances we conclude that the order of the district court lacked the requisite finality to be appealable. This is not to say, however, that under some other circumstances such an order would not be appealable.
 
 
 9
 The appeal will be dismissed for lack of jurisdiction and the stay of the Patent Office proceedings will be vacated.
 
 
 10
 FREEDMAN, Circuit Judge (concurring).
 
 
 11
 I believe that the order denying appellant's motion for production and inspection of documents is a final order and therefore reviewable on appeal.
 
 
 12
 It is true that the order was expressed to be without prejudice to appellant's right to make a new application after the expiration of the motion period in the Interference proceeding. But it is precisely because the order thus segregated what is a well-defined period or stage in the Interference proceeding and made it impenetrable by discovery under the Federal Rules of Civil Procedure[1] that I think finality attaches to the decision.[2] For this was an absolute determination, neither tentative nor subject to renewal or reconsideration, that in no event would discovery be permitted during the motion period because the rules of the Patent Office make no provision for its use in that period of an Interference proceeding.[3] I therefore believe we have jurisdiction to decide the merits of the appeal.[4]
 
 
 13
 The district judge can hardly be said to have exercised any discretion. On the contrary, he denied the motion because of the application of a general and unbending principle and not on consideration of any of the individualized circumstances before him. It is therefore impossible to shelter the order with the familiar principle that a trial court's discretionary denial of discovery will not be interfered with unless it has been abused.
 
 
 14
 Nevertheless, I concur in the denial of relief because I believe that we should give respect to the rules of the Patent Office which make no provision for the use of the products of discovery during the motion stage of an Interference proceeding. Indeed, there may well be no further need for discovery and ordinarily discovery should therefore await the close of the motion period. There may, of course, be unusual circumstances in some cases which would justify permission to conduct discovery during the motion period for subsequent use. No such exceptional showing has been made here.
 
 
 15
 I therefore would affirm the order and vacate the stay of the Patent Office proceeding.
 
 
 
 [1]
 The discovery provisions of the Federal Rules of Civil Procedure are made applicable to contested cases in the Patent Office by 35 U.S.C. 24, which provides: 'The provisions of the Federal Rules of Civil Procedure relating to the attendance of witnesses and to the production of documents and things shall apply to contested cases in the Patent Office.' We have held in a case in which discovery was sought for use in the testimony period of an interference proceeding that the discovery provisions of the Federal Rules of Civil Procedure apply generally in interference proceedings. In re Natta, 388 F.2d 215 (3 Cir. 1967)
 
 
 [2]
 See Ochsner v. Millis, 382 F.2d 618 (6 Cir. 1967), and authorities there cited
 
 
 [3]
 See Patent Office Rule 231(a)(1), 37 C.F.R. 1.231(a)(1), providing:
 '(a) Within the period set in the notice of interference for filing motions any party to an interference may file a motion seeking:
 '(1) To dissolve as to one or more counts, except that such motion based on facts sought to be established by affidavits or evidence outside of official records and printed publications will not normally be considered. * * *'
 
 
 [4]
 I agree that In re Natta, 410 F.2d 187 (3 Cir. 1969) is distinguishable on this point