**In re NATTA et al., Movant.**

**HOGAN et al.**

**v.**

**ZLETZ**

**v.**

**BAXTER et al.**

**v.**

**NATTA et al.**

**Misc. No. 35.**

United States District Court
D. Delaware,
at Wilmington.
Oct. 24, 1969.

Edmund D. Lyons, of Morris, James, Hitchens & Williams, Wilmington, Del., and Mary Helen Sears, of Irons, Birch, Swindler & McKie, Washington, D. C., for Natta and others.

David A. Drexler, of Morris, Nichols, Arsht & Tunnell, Wilmington, Del., Louis F. Reed, of Fish, Richardson & Neave, New York City, and Roger A. Hines, Legal Dept., DuPont Co., Wilmington, Del., for Baxter and others.

## OPINION

LAYTON, District Judge.

On May 2, 1969, I ordered Natta to produce for inspection and examination by DuPont on a wide scale its files pertaining to issues involved in an Interference Proceeding, No. 89,634,[1] pending in the Patent Office in Washington. At the same time, it was directed that Natta could withhold such documents as were claimed to be privileged for an *in camera* inspection and ruling by the Court.

Natta, accordingly, withheld some fourteen thousand pages of documents. Because of the magnitude of the task, I appointed a Special Master under Rule 53 F.R.Civ.P. to examine this material and classify it as privileged or non-privileged matter. In classifying this mass of documentary material, it was necessary for the Special Master to decide the existing law, concededly in some confusion, applicable to the claim of privilege. He has filed his report to which Natta and DuPont have both excepted:

(1) Both parties disagreed with, and excepted to, the Master's interpretation of the applicable law;

(2) Natta filed exceptions to the Master's classification of a number of documents as non-privileged, grouped into a category entitle "E", and to two individual documents MZ21369–88 and MZ18890 (MZ18890(A)).

This matter comes before me on these exceptions.

In determining the law governing privilege, the Master relied on In Re Natta, 410 F.2d 187 (3rd Cir. 1969), cert. denied, Montecatini Edison S.p.A. v. E. I. du Pont de Nemours & Co., 396 U.S. 836, 90 S.Ct. 95, 24 L.Ed.2d 87 interpreting it to mean that a claim of privilege could be made as to documents relating both to ex parte proceedings as well as Interference Proceedings, in the Patent Office. For the reasons hereafter stated, I affirm the Special Master's view of the law, at least insofar as it applies in this District. This result requires an examination of In Re Natta, 264 F.Supp. 734 (D.Del.1967) and Sperry Rand Corp. v. International Business Mach. Corp., 45 F.R.D. 287 (D.Del. 1968) as well as In Re Natta, 410 F.2d 187, supra.

Briefly explained, in *Natta* (D.Del. 1967), I held to the view then existing in this District, with which I was not wholly in agreement, that documentary material relating to patent applications, as well as patent interference proceedings, was not subject to a claim of privilege. Zenith Radio Corp. v. Radio Corp. of America, 121 F.Supp. 792 (D.Del. 1954). However, I permitted DuPont to hold back for *in camera* inspection by the Court any material which it felt did

---

[1]. In In Re Natta, 388 F.2d 215 (3rd Cir. 1968), it was held that the discovery standards of the Federal Rules of Civil Procedure were applicable in Patent Office Interference Proceedings as provided by 35 U.S.C. § 24.

not come within the scope of the specifications laid down at p. 794 of *Zenith*. Accordingly, DuPont reserved for inspection and a ruling by the Court a few documents.

Over a year ensued between the filing of In Re Natta, (D.Del.) in March, 1967, and my final order in that case dated August 23, 1968, [2] wherein I held certain of the withheld documents privileged. Just prior to August 23rd, I had decided *Sperry Rand*, supra. In that opinion, for the reasons there stated, despite my holding in *Natta*, I concluded that documentary material related to patent interference proceedings, as opposed to ex parte applications for patents, was subject to a claim of privilege. When the order of August 23rd in *Natta* was finally submitted, I felt that my recent opinion of July 29, in *Sperry Rand* had gone further than *Natta*. Therefore, I upheld the claim of privilege as to the documents reserved by DuPont in *Natta* in the light of what I had just held in *Sperry Rand*.

Despite the conflicting arguments of counsel and some ambiguity contained in the Third Circuit Court's opinion, it is my conclusion that In Re Natta, 410 F.2d 187 (3rd Cir. 1969), sub silentio overruled my opinion in 264 F.Supp. 734, and affirmed my holding in *Sperry Rand* while disapproving its characterization of *Natta*. [3] Otherwise stated, it is my belief that the Circuit Court in affirming my order of August 23, 1968, in *Natta* was in actuality affirming my holding in *Sperry Rand* to the effect that, insofar as concerned documentary material relating to patent interference proceedings, a claim of privilege could be made. But I am further convinced that the Third Circuit, in effect, went further and disapproved the distinction therein discussed between ex parte proceedings and interference proceedings and stated the law to be that documentary material relating both to ex parte applications for a patent, as well as patent interference proceedings, was subject to a claim of privilege.[4]

■ I have considered the arguments that this was not the effect of the Third Circuit Court's opinion, or that, if it was, it amounted to dictum. Concededly, some confusion exists, but after a careful study of the opinions just cited, it is my view that, as far as concerns this District,[5] a claim of privilege can be made as to documents relating both to ex parte proceedings and interference proceedings.

■ I turn now to the exceptions to rulings of the Master on Natta's claims of privilege. The Master assigned the ruling, "E", to numerous documents furnished by Natta to Phillips Petroleum Company pursuant to a stipulation between Natta and Phillips that such documents could be used in Interference No. 89,634 only. Designation "E" in the Master's code means "not covered by Attorney Client privilege or Work Product

---

2. This delay was apparently agreed to pending the decision of the Third Circuit in In Re Natta, 388 F.2d 215 (3rd Cir. 1968), holding that the District Court had jurisdiction under 35 U.S.C. § 24 to entertain Rule 34 discovery ancillary to Interference Proceedings in the Patent Office.

3. Insofar as *Zenith* supra was the basis for my original *Natta* decision, I assume it was also overruled.

4. The exact language of the Third Circuit was:

"We cannot conclude, however, that the proper application of work product

48 F.R.D.—21

and attorney-client privilege will be detrimental to the public interest or offend paramount federal patent policy whenever a *patent solicitation* is involved." 410 F.2d at 190. (Emphasis added.)

In light of the discussion in the opinion, and the authorities there cited, I feel that "patent solicitation" must be read to cover both patent applications and interference proceedings.

5. In coming to this conclusion, I believe that even if the Circuit Court's opinion did contain dictum, it left little doubt as to what the law should be.

because immunity has been waived by reference (disclosure) to third persons."

The relevant portion of the stipulation reads:

"It is mutually stipulated and agreed that the production of documents by Montecatini as hereinabove set forth does not constitute a waiver or compromise of any objection or other position which Montecatini or its assignors may hereafter take with respect to the admissibility or weight of any of the produced documents in Interference 89,634 or any appellate or review proceedings which may eventuate therefrom. The production of documents hereunder does not constitute an admission by the party Natta et al that any of them is relevant to any issue properly determinable in Interference 89,634 now pending before the Board of Patent Interferences of the United States Patent Office. Such production, moreover, does not constitute a waiver of any right which the party Natta et al may have to oppose the taking of testimony by Hogan et al of any witness."

The stipulation additionally contains a paragraph 1, which reads:

"It is mutually stipulated and agreed that the documents to be produced by Montecatini Societa' Generale per L'Industria Mineraria e Chimica (now known and doing business as Montecatini Edison S.p.A.) pursuant to this stipulation will, unless they otherwise lawfully become available to Phillips, be used solely in connection with Interference 89,634 and any appellate or review proceedings which may eventuate therefrom and for no other purposes, and that such documents will not be voluntarily

made available to any third party without the express written consent of Montecatini."

By the use of this language, Natta contends it is exempt from the general rule that disclosure of privileged matter to third persons constitutes a waiver of the privilege. Radio Corp. of America v. Rauland Corp., 18 F.R.D. 440 (444) (N. D.Ill.1955); Philadelphia Electric Co. v. Anaconda American Brass Co., 275 F. Supp. 146 (E.D.Pa.1967).

■ However, I think the Special Master was correct. A privilege is a grace resulting from some special public policy. It should not be regarded as a right which can be disclosed to some and withheld from others. This disclosure was not compelled by a Court nor was it signed by DuPont. It was voluntarily made. And, in any event, it is a particularly persuasive fact that this disclosure was made to Phillips in a proceeding involving the identical patent as here. It would be most inequitable to hold that privileged matter can be waived as to one party to an interference but not to another, thus giving a superior advantage to one party over another.[6] The ruling of the Special Master as to category "E" is affirmed.

■ As to document MZ21369–88, the exception is sustained. I feel that this paper clearly represents the work product of an attorney.

Document MZ18890(A) presents a more difficult problem but I agree with the Master that it represents work product. Moreover, having studied it, I cannot conceived that DuPont could make any possible use of it in Interference No. 89,634.

Let an order be presented in accordance herewith.

6. The parties to the Interference Proceeding No. 89,634 are:
   Montecatini assignee of Natta et al.
   DuPont assignee of Baxter et al.
   Standard Oil of Indiana assignee of Zletz.
   Phillips Petroleum assignee of Hogan and Banks.