The BABCOCK & WILCOX COMPANY, Appellant in No. 71–1782, Assignee of the Interference Parties Dungey and Frendberg, Appellant in No. 71–1783,

v.

FOSTER WHEELER CORPORATION, Assignee of the Interference Parties Gorzegno, Weber & Pai, Appellee.

Nos. 71–1782 to 71–1783.

United States Court of Appeals, Third Circuit.

Argued March 9, 1972.

Decided May 5, 1972.

Roland T. Bryan, Bryan, Parmelee, Johnson & Bollinger, Stamford, Conn., for appellants.

Robert L. Austin, Pendleton, Neuman, Williams & Anderson, Chicago, Ill., for appellee.

Before McLAUGHLIN, VAN DUSEN and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

This appeal stems from a proceeding under 35 U.S.C. § 24 ancillary to an interference proceeding in the United States Patent Office. The controversy between the parties is no stranger to this court, having been here twice before on prior appeals.[1] The present petition is an appeal by Babcock & Wilcox Company (Babcock & Wilcox) from district court orders denying their request for sanctions sought pursuant to Rule 37, F.R.Civ.P. against Foster Wheeler Corporation (Foster Wheeler) and upholding the claim of attorney-client privilege made by Foster Wheeler with respect to certain documents.

On June 3, 1970 the district court issued an order permitting Babcock & Wilcox to proceed with discovery and ordering Foster Wheeler to produce certain papers, documents, etc. for inspection. This order was affirmed by the Court of Appeals on September 14, 1970. See Babcock & Wilcox v. Foster Wheeler Corp., 432 F.2d 385 (3 Cir. 1970). A petition for rehearing was denied. However, on November 23, 1970, this court issued an order staying the issuance of a certified judgment in lieu of a formal mandate and also stayed any further proceeding in the patent litigation until the Supreme Court determined whether or not it would grant certiorari. Foster Wheeler Corp. v. Babcock & Wilcox Co., 401 U.S. 938, 91 S.Ct. 930, 28 L.Ed.2d 217 (1971).

A hearing was held by Judge Wortendyke on March 8, 1971 concerning Babcock & Wilcox' motion to have Foster Wheeler held in contempt and apply sanction against them. The decision was reserved at that time. Shortly thereafter Foster Wheeler produced nearly 11,000 pages of documents in compliance with the discovery order. However, certain documents were not produced because Foster Wheeler claimed attorney-client privilege and Babcock & Wilcox filed a second motion under Rule 37, F.R.C.P. alleging Foster Wheeler failed to comply with the discovery order and once again requested sanctions. A hearing was held on that motion. On June 3, 1971 Judge Wortendyke signed an order denying Babcock & Wilcox' motion for contempt and stating that "the request for attorney's fees and for expenses shall abide the event of this litigation." He then ordered that the documents which were alleged to have attorney-client privilege be submitted for in camera inspection and determination as to the applicability of the asserted privilege. After reviewing said documents, Judge Wortendyke issued an order on July 27, 1971 disallowing the claim on six of them but allowing it for the remaining forty. It is from these orders which appellant appeals.

▮ The June 3, 1971 order concerning Babcock & Wilcox' request for sanctions was not a final order and therefore is not appealable. At the hearing held on April 26, 1971 Judge Wortendyke stated "So far as the expenses feature is concerned it will be my order that if there is to be any reimbursement or allowance for attorneys fees and/or expenses, that question shall abide the event of the litigation." (App. 148). Similar language is used in the order itself. Certainly this doesn't indicate any finality and as such is not reviewable on appeal. That discovery action in the district court has never been dismissed or otherwise terminated—indeed a third motion under Rule 37 by Babcock & Wilcox was recently decided by Judge Coolahan (as Judge Wortendyke's successor), D.C., 54 F.R.D. 474. Since the district court did not rule on the merits and will do so at a later date, the present order concerning sanction is not appealable.

▮ Appellant's contention that the district court erred in upholding Foster

1. See Babcock & Wilcox Co. v. Foster Wheeler Corp., 432 F.2d 385 (3 Cir. 1970) and Babcock & Wilcox Co. v. Foster Wheeler Corp., 415 F.2d 777 (3 Cir. 1969).

Wheeler's claim of attorney-client privilege is without merit. The procedure used by Judge Wortendyke in making his determination is not new and was agreed to by the litigants. The finding of attorney-client privilege in this type of proceeding has ample precedent. See Natta v. Hogan, 392 F.2d 686 (10 Cir. 1968); In re Natta, 410 F.2d 187 (3 Cir. 1969). The court having examined the documents submitted in camera, finds the arguments advanced by appellant to be without merit. Therefore the judgment of the district court will be affirmed.

VAN DUSEN, Circuit Judge (concurring in part and dissenting in part).

Since, in my opinion, Documents 16–19 and 21–24, several of which contain only lists of patent numbers which are a matter of public record, are not protected by the attorney-client privilege, I would modify the district court order of July 27, 1971, to include Items 16–19 and 21–24 in paragraph 1 of that order and to delete those numbers from paragraph 2 of such order, and remand the case to the district court for appropriate action.

In all other respects, I concur in the foregoing opinion.