

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-7-2006

# Simon v. Robinson

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1803

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Simon v. Robinson" (2006). *2006 Decisions.* Paper 471.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/471

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-1803
_____

CHARLES SIMON,
Appellant

v.

KAROLYN D. ROBINSON, Coordinator;
FEDERAL PRISON INDUSTRIES INC.;
STEVE SCHWALB, Chief Operating Officer
_____

On Appeal from the United States District Court
For the District of New Jersey
(D.C. Civil No. 98-cv-5707)
District Judge: Honorable Faith S. Hochberg
_____

Submitted for Possible Dismissal for Lack of Jurisdiction and
Summary Action Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
July 20, 2006

BEFORE: RENDELL, AMBRO and ROTH, Circuit Judges.

(Filed: September 7, 2006)
_____

OPINION OF THE COURT
_____

PER CURIAM

   This appeal represents just the latest of multiple stops in Appellant Charles

Simon's futile attempt to recover back pay allegedly owed to him under the Inmate

Accident Compensation Act (IACA), 18 U.S.C. § 4126. The parties are by now all too familiar with the facts, and, thus, we only briefly recite them here.

## I.

In 1987, Simon was serving a thirteen-year federal prison term. While employed in the prison's kitchen, Simon slipped on a pool of water and allegedly aggravated a back injury. Since the early 1990s, Simon has filed numerous, and often identical, suits seeking monetary compensation under the IACA as well as other federal statutes and agency regulations.[1] In the present case, Simon alleged that the IACA and 28 C.F.R. § 301.314 violate equal protection and are inconsistent with the Federal Employees Compensation Act, 5 U.S.C. § 8106. He also claimed that the failure of the United States to cover his medical expenses violates the Eighth Amendment.

During the course of litigation, Simon filed a number of motions, including a request for sanctions under Rule 11 of the Federal Rules of Civil Procedure, a "Motion for Temporary Restraining Order Preliminary Injunction," a request for a settlement or pre-trial conference, a motion for judgment under Federal Rule of Civil Procedure 12(c), and a motion to remove a stay. In an opinion entered February 24, 2006, the District

---

[1] He has filed suit and lost in the United States District Courts for the District of Wisconsin, the District of Massachusetts, the Southern District of New York, the District of Columbia, and the District of New Jersey. See Simon v. Brennan, 940 F.2d 666 (7th Cir.); Simon v. United States Dept. of Just., No. 94-11212 (D. Mass.) aff'd 89 F.3d 823 (1st Cir. 1996); Simon v. Fed. Prison Indus., Inc., No. 03-10732 (D. Mass.); Simon v. Fed. Prison Indus., Inc., No. 96-4980 (S.D. N.Y.); Simon v. Fed. Prison Indus., Inc., No. 97-2348 (S.D. N.Y); Simon v. City of New York, 98-1489 (S.D. N.Y); Simon v. Fed. Prison Indus., Inc., No. 97-757 (D. D.C.).

Court denied the motions for sanctions and a pre-trial conference, and denied his request for a temporary restraining order (TRO). It granted the motion to remove the stay, and ordered the Defendants to respond. Simon filed an interlocutory appeal challenging the rulings. While his appeal was pending, the Defendants filed a motion for summary judgment, which the District Court granted on June 2, 2006. Simon has not filed an appeal from that order.[2]

## II.

We must first satisfy ourselves of our jurisdiction to entertain Simon's appeals. We generally only have jurisdiction over final orders of the district court. See 28 U.S.C. § 1291. We examine each order appealed separately.

A.      Orders Denying Sanctions, Pre-trial Conference, and Judgment on the Pleadings

An order denying a motion for sanctions, a conference request, or a 12(c) motion, is not an appealable interlocutory order. See Babcock & Wilcox Co. v. Foster Wheeler Corp., 457 F.2d 1307, 1308 (3d Cir. 1972) (sanctions); United States v. Brakke, 813 F.2d 912, 913 (8th Cir. 1987) (pre-trial conference); Enprotech Corp. v. Renda, 983 F.2d 17, 20 (3d Cir. 1993) (discovery related motions in general); Coleman by Lee v. Stanziani,

---

[2] Simon has filed a motion for sanctions against U.S. Attorney Neil Gallagher. It is unclear from his pleadings on what basis Simon believes sanctions are warranted. As best as we can discern, it appears Simon believes Gallagher submitted misleading legal arguments to the District Court with respect to the merits of his case. Those factual and legal issues are not before this Court and Simon does not argue that Gallagher has committed any sanctionable acts on appeal. Accordingly, the motion is denied. Simon has also filed a motion to expedite the appeal. However, he uses the motion to again reargue the same issues he has been fighting for years. The motion is denied as moot.

735 F.2d 118, 120 (3d Cir. 1984) (12(c)). Our inability to review these orders has not changed even though the District Court has now entered a final judgment in the proceedings. In Adapt of Philadelphia v. Philadelphia Hous. Auth., 433 F.3d 353 (3d Cir. 2006), we limited the scope of our ruling in Lazy Oil Co. v. Witco Corp., 166 F.3d 581 (3d Cir. 2000), and held that a premature appeal from discovery orders and other similar obviously interlocutory orders does not ripen for the purposes of appellate review upon the entry of a final judgment. Adapt of Philadelphia, 433 F.3d at 361-63. The instant orders were obviously interlocutory. See id. Indeed, the orders here are similar to the order at issue in Lazorko v. Pennsylvania Hosp., 237 F.3d 242 (3d Cir. 2000). There, we held that the entry of judgment did not cure our lack of jurisdiction over a premature appeal from an order awarding sanctions but failing to include an amount, because the order would not have been final even when the court entered a judgment specifying the amount. Id. at 248. The present orders similarly could not become final judgments. Accordingly, we do not have jurisdiction to review the above orders.

B.    Order Denying "Motion for Temporary Restraining Order Preliminary Injunction"

Simon filed a motion requesting two things: (1) that the District Court order a U.S. Marshall to serve the Defendants with a summons; and (2) that the Defendants be enjoined from denying Simon monthly payments. The District Court granted the first request and denied the second. Thus, we presume Simon appeals only the denial of the second request.

4

An appeal may not normally be taken "from an order granting or denying a temporary restraining order." In re Arthur Treacher's Franchise Litigation, 689 F.2d 1150, 1153 (3d Cir. 1982). We do, however, have jurisdiction over interlocutory appeals of orders "granting, continuing, modifying, refusing or dissolving injunctions . . . ." 28 U.S.C. § 1292(a)(1). We agree with the District Court that the motion was a request for an injunction, not a TRO.

Although the denial of a preliminary injunction is normally appealable, we have repeatedly held that when the event sought to be enjoined has occurred, the order denying a preliminary injunction is moot. See, e.g., Scattergood v. Perelman, 945 F.2d 618, 621 (3d Cir. 1991). Simon's desired injunction would have required the Defendants to remit monthly payments allegedly owed as compensation for his back injury. Now that the District Court has determined that Simon has no legal right to the payments and he has not appealed that ruling, the relief requested in the preliminary injunction can no longer be afforded. Thus, we now lack jurisdiction.

For the foregoing reasons, the appeal will be dismissed for lack of jurisdiction.