**Alfred L. BARNARD, Plaintiff,**

v.

**FRUEHAUF TRAILER COMPANY (Now Fruehauf Corporation), Defendant.**

**Civ. A. No. 13436.**

United States District Court
S. D. Texas,
Houston Division.

Aug. 3, 1966.

Ranseler O. Wyatt, Houston, Tex., for plaintiff.

Harness, Dickey & Pierce, Don K. Harness, Edward R. Casselman, Detroit, Mich., Butler, Binion, Rice, Cook & Knapp, James A. Bargfrede, Houston, Tex., for defendant.

MEMORANDUM OPINION:

HANNAY, District Judge.

This is an action for infringement of United States Patent No. 2,494,799 which issued on January 17, 1950, to W. H. Duvall and Plaintiff, A. L. Barnard, on a patent application filed in the United States Patent Office on September 16, 1946. Plaintiff, a resident of Houston, Texas, is the present owner of the patent in suit, having acquired all of Duvall's interest in the same in 1947. Defendant, Fruehauf Corporation, is a Michigan corporation doing business in Texas, and having a place of business in Houston, Texas. The patent in suit relates to a coupling device for connecting a trailer to a tractor and Plaintiff accuses Defendant of manufacturing, using and selling coupling devices which infringe claims 1 and 2 of the patent in suit. De-

fendant contends that it does not infringe the patent claims in suit and that such claims are invalid. The matter was brought on for trial on November 15, 1965, and the trial lasted two days. There is no dispute regarding jurisdiction of this Court.

## FINDINGS OF FACT

1. Plaintiff, A. L. Barnard, is the owner of patent in suit No. 2,494,799, and entitled to bring this action against Defendant for infringement of claims 1 and 2 of said patent in suit.

2. Defendant, Fruehauf Corporation, has within six years next preceding the filing of the complaint herein and subsequent to the issuance of the patent in suit, manufactured, used and sold in Houston, Texas, and elsewhere, coupling devices identified as Plaintiff's Exhibit 5 which are accused by Plaintiff to infringe both claims 1 and 2 of the patent in suit.

3. Plaintiff has licensed others to make and sell trailer couplings under the patent in suit and has received royalty payments as the result of the making and selling trailer couplings by his licensees.

4. Plaintiff attempted to obtain relatively broad patent protection on the coupling device shown and described in the patent in suit and claim 9, which was abandoned during the prosecution of the patent application which resulted in the patent in suit, is illustrative of this effort. Abandoned claim 9 reads as follows:

9. A trailer coupling. comprising a plate having a transverse slot therethrough, transverse flanges secured to one side of the plate on opposite sides of the slot, a kingpin which works through the slot, means for mounting the kingpin between the plates to rotate on a transverse axis, said kingpin being mounted to move through the slot into inactive position approximately parallel with the plate and into active position perpendicular to the plate, means for supporting the kingpin in inactive position, means for maintaining the kingpin in active position.

5. Claim 9, which was abandoned in the patent office by the patentees of the patent in suit, did not contain many of the specific limitations which are present in claims 1 and 2 of the patent in suit. Claims 1 and 2 read as follows:

1. A trailer coupling including, a plate having a transverse slot therethrough one end of which is widened, transverse flanges secured to and depending from said plate on opposite sides of the slot, a kingpin whose lower end is approximately square in horizontal cross-section and is fitted through the large end of the slot and whose other end is reduced in diameter, a pin extending through said flanges and through the square end of the kingpin and which pivotally supports the kingpin between said flanges, said kingpin being mounted to move through the slot into inactive position beneath the plate and to move through the slot into vertical, or active, position, a cross pin carried by the lower margins of the flanges on which the kingpin is supported when in inactive position and latch means for latching the kingpin in vertical position.

2. A trailer coupling including, a plate having a transverse slot therethrough, transverse flanges secured to and depending from said plate on opposite sides of the slot, a kingpin whose lower end is approximately square in horizontal cross-section and is fitted through one end of the slot and whose other end is reduced in diameter, a pin extending through said flanges and through the square end of the kingpin and which pivotally supports the kingpin between said flanges, said kingpin being mounted to move through the slot into .inactive position beneath the plate and to move through the slot into vertical, or active, position, pin supporting means carried by the lower margins of the flanges on which the kingpin is supported when in inactive position and

latch means for latching the kingpin in vertical position.

6. The file wrapper (DX-35) of the patent application which resulted in the patent in suit clearly shows that claim 9 was rejected by the patent office examiner as unpatentable over the prior art and this claim was then immediately cancelled by the applicants without any argument. This abandoned claim 9 covers the accused coupling device of Defendant and would have been infringed if it had issued in the patent in suit and not been abandoned in view of the prior art.

7. Both Plaintiff's and Defendant's expert testified that Defendant's accused device (PX-5) did not contain all of the elements and limitations specifically included in claims 1 and 2 of the patent in suit in order to induce the patent office examiner to allow them over the prior art and issue the patent in suit. The file wrapper (DX-35) of the patent in suit clearly shows that these limitations were necessarily included in the patent claims and that they cannot be ignored.

8. Defendant's accused device (PX-5) does not have "flanges secured to and depending from said plate," "a kingpin whose lower end is approximately square in cross-section and is fitted through the large end of the slot," "said kingpin being mounted to move through the slot into inactive position beneath the plate," "a cross pin carried by the lower margin of the flanges on which the kingpin is supported when in inactive position," all as called for and recited in claim 1 of the patent in suit. Claim 1 of the patent in suit is not infringed by Defendant's accused device (PX-5).

9. Defendant's accused device (PX-5) does not have "flanges secured to and depending from said plate," "a kingpin whose lower end is approximately square in horizontal cross-section," "said kingpin being mounted to move through the slot into inactive position beneath the plate," all as called for and recited in claim 2 of the patent in suit. Claim 2 of the patent in suit is, therefore, not infringed by Defendant's accused device (PX-5).

10. Defendant's accused device (PX-5) could not be turned over and used on a truck or tractor like the device in the patent in suit because there would be nothing to hold the kingpin in an inoperative horizontal position and it would fall down into a position from which it would be difficult to retrieve and return it to an active, usable position. If Defendant's accused device were so mounted and used it would not have all of the elements and limitations in claims 1 and 2 of the patent in suit and these claims would not be infringed.

11. Because of the arguments made to the patent office and the position taken by applicants in the patent office proceedings during the prosecution of the application which resulted in the patent in suit, Plaintiff is estopped from attempting to broaden the meaning of claims 1 and 2 of the patent in suit beyond what is specifically recited therein and thus cannot recapture the broad arrangement defined in abandoned claim 9.

12. The Austin Trailer Company, of Muskegon, Michigan, manufactured and sold folding kingpin type trailer coupling devices more than one year prior to the filing date (September 16, 1946) of the application which resulted in the patent in suit. This was established by the uncontroverted testimony of three witnesses, several dated drawings and a catalog published and used by The Austin Trailer Company in 1942.

13. The Austin Trailer Company folding kingpin type trailer coupling sold prior to 1945 (shown in the drawing DX-10 and the enlarged chart thereof, DX-39) has all of the elements recited in claim 2 of the patent in suit so that claim 2 is completely anticipated by this prior art coupling device. This was established by uncontroverted testimony at the trial. So far as can be determined from the record here the patent office examiner had no knowledge of this prior art device before issuing the patent in suit.

14. United States Patent No. 2,106,-258 (DX-40) which issued to C. G. Sey-

ferth, on January 25, 1938, discloses two folding kingpin type trailer couplings, one on a trailer and one on a truck or tractor for pulling the trailer. This patent constitutes pertinent prior art against the patent in suit which was not cited by the patent office examiner as being considered before issuing the patent in suit. The lower coupling device illustrated in this patent as being mounted on the truck or trailer is substantially the same as the coupling device shown in The Austin Trailer Company drawing (DX-10) and completely anticipates claim 2 of the patent in suit for the same reasons as set forth in finding of fact 13. Claims 1 and 2 of the patent in suit read just as well on the upper trailer mounted coupling device shown in the prior art Seyferth patent as being mounted on the trailer as they do on the accused device of Defendant. Thus if claims 1 and 2 were construed so as to cover Defendant's accused device they would be completely anticipated by that coupling device shown in the prior art Seyferth patent.

15. The undisputed testimony of three witnesses and the dated drawings in evidence established that Defendant in 1938 made a folding kingpin type trailer coupling device. The construction of this device is shown in a model (DX-27) and several drawings made by the witness Locker in 1938 (DX 25, 26, 30–34).

16. The uncontroverted testimony of the witness Locker established that this 1938 tractor coupling device of Defendant was built, installed and tested on a tractor and was used satisfactorily for three or four years around Defendant's property. The uncontroverted testimony of two witnesses established that a number of Defendant's 1938 trailer couplings (as illustrated in the model DX-27 and the 1938 drawing DX-25) were sold by Defendant to Murray Corporation of America. These devices were used by Murray Corporation of America in its regular operations for about 20 years beginning in 1938 and then were scrapped when they wore out. The folding king-

pin type trailer coupling DX-25 and 27) were thus made, tested, sold and used commercially more than one year prior to the filing in the United States Patent Office of the application which resulted in the patent in suit.

17. Each and every element recited in claim 2 of the patent in suit is present in the 1938 trailer coupling device manufactured and sold by Defendant DX-25 and 27) and claim 2 is completely anticipated by this prior art device. Each element recited in claim 1 of the patent in suit is present in Defendant's 1938 trailer coupling device except that in the latter the kingpin is not pivotally supported in the wide end of the slot as called for in claim 1, but is supported in the narrow end of the slot, which is also true in Defendant's accused device (PX-5). Plaintiff's expert testified that whether the slot was widened or not was of no significance and this being so, the difference between the structure covered by claim 1 of the patent in suit and the structure of the 1938 prior art patent device is not significant and claim 1 is anticipated by Defendant's 1938 prior art device. This Defendant's 1938 prior art device is not cited by the patent office examiner as considered by him before issuing the patent in suit.

18. There was testimony by one witness of the manufacture and sale by Hobbs Trailer Company prior to December, 1941, of a folding kingpin mounted on an oilfield truck body which could be latched in an upright vertical position for coupling the truck to a trailer or lowered to a horizontal position beneath the truck body so as not to interfere with the use of the truck for trucking purposes. While this testimony was not corroborated by testimony of any other witness or by any drawings or photographs, it was uncontroverted, not disturbed by cross-examination and believable. The Hobbs Trailer Company coupling device was used in the same way and for the same purpose as the coupling device disclosed in the patent in suit. Thus the concept of providing a folding kingpin mechanism in an oilfield truck

body was not a new concept with the patentees of the patent in suit.

19. Both of the patentees, Duvall and Barnard, testified that once the idea of a folding kingpin for a truck was conceived there was no special problem in mounting it so that it would fold down and that any experienced welder could have worked it out. In view of the fact that the prior art not considered by the patent office shows that it was old and known to provide trailer coupling devices with a folding kingpin, the testimony of the patentees themselves confirms the fact that no invention was involved in devising the arrangement disclosed and claimed in the patent in suit.

20. Any differences between the subject matter sought to be patented in the patent in suit and recited in claims 1 and 2 of the patent in suit and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention of the patent in suit was made to a person having ordinary skill in the trailer coupling art.

### CONCLUSIONS OF LAW

1. This Court has jurisdiction over the parties and the subject matter of this litigation.

■ 2. Claims 1 and 2 of the Duvall et al. patent in suit 2,494,799 are invalid because any differences between the subject of these patent claims and the prior art devices relied on by Defendant would have been obvious at the time the alleged invention of the patent in suit was made to a person having ordinary skill in the art of trailer tractor couplings. 35 U.S.C. § 103; Graham v. John Deere Co., 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966); Up-Right, Inc. v. Safway Products, Inc., et al., 346 F.2d 580, decided by the Fifth Circuit July 26, 1966.

■ 3. Claims 1 and 2 of the patent in suit are invalid because the invention sought to be covered by each of them was well known or used by others in this country before the earliest invention date alleged by either of the patentees, Duvall or Barnard. 35 U.S.C. § 102(a).

Proof of this prior use is clear, cogent, satisfactory, and beyond a reasonable doubt. Bourne v. Jones, 5 Cir., 207 F.2d 173; and Electric Storage Battery Co. v. Genzo Shimadzu, 307 U.S. 5, 613, 616, 59 S.Ct. 675, 83 L.Ed. 1071.

4. Claims 1 and 2 of the patent in suit are invalid because the invention sought to be covered by each of these claims was patented and described in a printed publication more than one year prior to the filing date of the application for the patent in suit. 35 U.S.C. § 102(b).

5. Claims 1 and 2 of the patent in suit are invalid because the invention sought to be covered by each of these claims was in public use and on sale in this country more than one year prior to the filing date of the application for the patent in suit. 35 U.S.C. § 102(b).

■ 6. Claims 1 and 2 of the patent in suit are invalid because the invention sought to be covered by these claims was made in this country by another who had not abandoned, suppressed or concealed it before the earliest invention date alleged by either of the patentees, Duvall or Barnard. 35 U.S.C. § 102(g).

■ 7. There is no presumption of validity of a patent where, as here, the most pertinent prior art was not considered by the Patent Office. Rosaire v. Baroid Sales Div., National Lead Co., C.A.5, 218 F.2d 72; The J. R. Clark Co. v. Murray Metal Products Co., Inc., D.C. S.D.Texas, 114 F.Supp. 224 (affirmed as to patent invalidity C.A.5, 219 F.2d 313).

8. The subject matter of claims 1 and 2 of the patent in suit does not arise to the dignity of invention and does not meet the standard of invention required by law. Great Atlantic and Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162; Daniel et al. v. O. & M. Mfg. Co. Inc., D.C.S.D.Texas, 105 F.Supp. 336.

■ 9. Commercial success cannot lend validity to a patent where invention is plainly lacking. Great Atlantic and

Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162; The J. R. Clark Co. v. Murray Metal Products Co. Inc. (supra).

10. Defendant's accused devices do not infringe claims 1 and 2 of the Duvall et al. patent in suit 2,494,799.

From the above, I conclude and hold that the Plaintiff's patent is invalid and that there is, of course, no infringement of it by the Defendant herein, and therefore the judgment should be, and is, in favor of the Defendant herein.

Costs of Court are adjudged against the Plaintiff herein.