**INTERNATIONAL BUSINESS MACHINES CORPORATION**

v.

**SPERRY RAND CORPORATION.**
Misc. No. 40.

United States District Court
D. Delaware.
Oct. 26, 1967.

See also 44 F.R.D. 10.

**8**

Clair John Killoran, of Killoran & Van Brunt, Wilmington, Del., for plaintiff; Martin G. Reiffin, Hopewell Junction, N. Y., of counsel.

Januar D. Bove, Jr., of Connolly, Bove & Lodge, Wilmington, Del., for Sperry Rand Corp.; Thomas M. Ferrill, Jr., Philadelphia, Pa., Sheldon Kapustin, Blue Bell, Pa., of counsel.

## MEMORANDUM OPINION

LAYTON, District Judge.

This is a motion for production under Rule 34 F.R.Civ.P. by International Business Machines (hereafter IBM), assignee of the Senior party Williams in a patent interference No. 93,544. The Junior party is Sperry Rand Corporation (hereafter Sperry), assignee of Eckert et al.

■ IBM's motion for production is on a broad scale. Curiously enough, a patent examiner in an interference proceeding has no power to compel discovery on the part of the parties before him. However, such power is apparently granted to a United States District Court having jurisdiction over the parties by 35 United States Code § 24 which states in part:

"* * * The provisions of the Federal Rule of Civil Procedure relating to the attendance of witnesses and to the production of documents and things shall apply to contested cases in the Patent Office."

For a full discussion of the point, see Gladrow v. Weisz, 354 F.2d 464 (C.C.A. 5th 1965); In re Natta, 259 F.Supp. 922 and 264 F.Supp. 734 (D.Del.1966 and 1967) and Natta v. Zletz, 379 F.2d 615 (C.A.7, 1967).

Sperry opposes the motion for production in its entirety as well as specifically objecting to each category of IBM's motion for production.

■ Preliminarily, Sperry contends that IBM is not entitled to any discovery at all because of laches and unclean hands. A careful consideration of the briefs and arguments advanced on this score fails to persuade this Court that Sperry has sustained the contentions. Sperry's overall objection is accordingly dismissed.

In the interest of time, there will be no general discussion of Sperry's individual objections to IBM's various requests for production which relate to the following ten categories:

(1) The Conception by Eckert et al. of the Invention Defined in the

Counts of Interference No. 93,-544.

(2) The Designing, Constructing, Testing, Debugging and Evaluating of the BINAC Computer, which Eckert et al. assert to be Disclosed in Their Application Involved in the Interference, and to Have been Reduced to Practice by Them.

(3) The Contractual Arrangements Between Eckert-Mauchly Computer Corporation (now owned by Sperry Rand Corporation) and Northrop Aircraft Corporation with Respect to the BINAC Computer, and the Modification and Performance of All Contracts and Agreements Involved Therein.

(4) The Acceptance of the BINAC Computer By Northrop Aircraft Corporation and the Payment by the Latter for Said Computer.

(5) The Operation, Performance, Testing, Debugging, Maintenance and Redesign of the BINAC Computer After Its Delivery to Northrop Aircraft Corporation.

(6) The Designing, Constructing, Testing, Debugging and Evaluating of the UNIVAC I Computer Prior to August 16, 1950.

(7) The Development and Running of Programs for the BINAC and UNIVAC I Computers Prior to August 16, 1950.

(8) Patent Applications Disclosing the UNIVAC I Computer, and the Preparation and Prosecution of Said Applications.

(9) The Dates of Employment by Eckert-Mauchly Computer Corporation of the Following Persons: Robert F. Shaw, Albert A. Auerbach, Louis D. Wilson, James R. Weiner and Herbert Frazer Welsh.

(10) The Preparation and Prosecution of Eckert et al. Application Serial No. 179,782 Involved in Interference No. 93,544.

■ At this time, Sperry Rand is directed to produce all documents,[1] not privileged, under the following numbered categories, good cause for the production of which having been shown:[2]

Categories 3, 4, 5, 7 and 9.

■ As to Categories 2 and 6, certain documentary material has already been produced and Sperry Rand's principal objection to producing further material seems to be the difficulty of determining its relevance. It is the view of this Court that the files be produced at a convenient time for inspection by IBM under such supervision as Sperry Rand may wish and that the burden of determining relevance thus be shifted to IBM. The Court will discuss this problem with counsel if requested.

As to Categories 1, 8 and 10, the Court is not prepared at this time to make a ruling. It is suggested that each side file additional briefs contemporaneously in support of its position not later than November 9, 1967. An argument date will then be set if desired by either party. Otherwise, the matters will be decided on briefs. Meantime, production can proceed as to those categories where production has been directed.

---

1. The documents requested to be produced are all documents within the possession, custody or control of Sperry Rand Corporation or its divisions or its related companies, or any of the attorneys, agents or assignors thereof, including, but not limited to, all drawings, photographs, sketches, blueprints, letters, memoranda, notes, logbooks, notebooks, contracts, reports, records, notices, minutes, programs, drafts of documents, invention appraisals, patent and patent application appraisals, opinions, records of oral communications and discussions, and engineering evaluations and appraisals.

2. The Court realizes that in many categories some production has already been made voluntarily by Sperry Rand and in Category 9, probably all requested information has been produced.