### The BABCOCK & WILCOX COMPANY, Assignee of the Interference Parties Rothemund and Koch

v.

### COMBUSTION ENGINEERING, INC., Assignee of the Interference Parties Powell, Schroedter, Clayton and Knust.

### Civ. No. 12788.

United States District Court,
D. Connecticut.

Oct. 28, 1968.

Roland T. Bryan, Robertson, Bryan, Parmelee & Johnson, Stamford, Conn., for plaintiff.

Hugh Meade Alcorn, Jr., Ralph G. Elliot, Alcorn, Bakewell & Smith, Hartford, Conn., Eldon H. Luther, Edward L. Kochey, Jr., Windsor, Conn., Arthur S. Tenser, Brumbaugh, Graves, Donahue & Raymond, New York City, for defendant.

## MEMORANDUM OF DECISION

ZAMPANO, District Judge.

In this ancillary proceeding to a patent interference contest presently being conducted before the United States Patent Office, the movant, Combustion Engineering, Inc. (hereinafter C.E.), moves to vacate six subpoenas served upon its employees and opposes a motion to produce certain documents under Rule 34 of the Federal Rules of Civil Procedure.

An interference proceeding has been succinctly described in In re Natta, 388 F.2d 215 (3 Cir. 1968), as follows:

A patent interference is a statutory administrative proceeding, authorized by 35 U.S.C. § 135, to determine which of two or more applicants is the first inventor and, therefore, entitled to a patent. The Board of Patent Interferences assumes jurisdiction after the interference is declared by the Patent Examiner. The earliest applicant is awarded the status of senior party and is granted prima facie date of invention as of the date of his application. All other parties are junior and have the burden of proving a date of actual invention earlier than that of the senior party. After each party files a preliminary statement in which he sets forth the earliest date of invention he intends to claim, the parties are granted a period of time to file motions to clarify or reform the interference prior to trial. The mo-

tions are heard by the Patent Examiner who originally declared the interference. The preliminary statements are then exchanged, and the matter returned to the Board of Patent Interferences for trial. The Board then establishes a time schedule within which the parties must present their cases. All evidence must conform to the Patent Office rules. Under those rules, testimony is presented by deposition on oral examination, by affidavit or stipulation. Presentation times are assigned to the various parties based upon the inverse order of filing dates. 388 F.2d at 216.

In the instant case the parties have commenced the "taking of testimony" stage of the interference proceedings which constitutes the administrative trial on the issue of priority. The Babcock & Wilcox Company, the junior party in the interference, now attempts to obtain broad discovery by means of the subpoena duces tecum and a motion for the production of documents under Rule 34.

 Title 35 U.S.C.A. § 24 provides in pertinent part:

> The clerk of any United States court for the district wherein testimony is to be taken for use in any contested case in the Patent Office, shall, upon the application of any party thereto, issue a subpoena for any witness residing or being within such district, commanding him to appear and testify before an officer in such district authorized to take depositions and affidavits, at the time and place stated in the subpoena. The provisions of the Federal Rules of Civil Procecure relating to the attendance of witnesses and to the production of documents and things shall apply to contested cases in the Patent Office.

It is now firmly established that this statute grants ancillary jurisdiction to the district court to require the production of documents and the attendance of witnesses in patent interference contests. In re Natta, supra; Natta v. Hogan, 392 F.2d 686, 689–691 (10 Cir.

1968); Natta v. Zletz, 379 F.2d 615, 618 (7 Cir. 1967); Gladrow v. Weisz, 354 F.2d 464, 468 (5 Cir. 1965); International Business Machines Corp. v. Sperry Rand Corp., 44 F.R.D. 7, 8–9 (D.Del. 1967); Hogan v. Zletz, 151 USPQ 103 (D.C.N.D.Okla.1966); Korman v. Shull, 184 F.Supp. 928, 934 (W.D.Mich.1960).

 C.E. seeks to distinguish these cases on the ground that in each the junior party had completed its case-in-chief and, therefore, discovery was permitted solely for rebuttal purposes. It urges this Court to foreclose discovery until after the junior party completes its initial presentation because to do otherwise would "strip the senior party of the procedural advantages accorded him by virtue of his earlier filing date." However, none of the aforementioned cases indicates that discovery be subject to the limitation proposed by C.E. Moreover, the broad mandate of the statute manifests an explicit congressional intent to allow both parties to a patent interference to apply for discovery at any time during the contested proceeding. In this Court's opinion the need for discovery as an aid in the quest for truth may be as compelling when a party submits his direct case as when he prepares to rebut his opponent's presentation.

 This is not to say, however, that an automatic and indiscriminate inspection of the senior party's file is authorized. The requirements of good cause, relevance, reasonable designation of documents, and the principles of privilege were designed to prevent the abuses C.E. suggests. But C.E. has not objected on any of the aforementioned grounds to the various individual requests for production. Therefore, the Court assumes it concedes that the junior party has established the essential requirements for production under Rule 34 and that the issue of privilege is either not present or is waived.

Accordingly, the motion to vacate subpoenas is denied and the motion for discovery and production of documents is granted.