The **BABCOCK & WILCOX COMPANY,** Assignee of the Interference Parties Dungey and Frendberg

v.

**FOSTER WHEELER CORPORATION,** Assignee of the Interference Parties Gorzegno, Weber & Pai, Appellant.

No. 19087.

United States Court of Appeals, Third Circuit.

Argued Aug. 25, 1970.

Decided Sept. 14, 1970.

Rehearing Denied Oct. 23, 1970.

Risk Distribution and Seaworthiness, 75 Yale L.J. 1174 (1966).

Robert L. Austin, Pendleton, Neuman, Williams & Anderson, Chicago, Ill. (Sidney Neuman, James T. Williams, Chicago, Ill., John Maier, III, Livingston, N. J., Riker, Danzig, Scherer & Brown, Newark, N. J., on the brief), for appellant.

Roland T. Bryan, Bryan, Parmelee, Johnson & Bollinger, Stamford, Conn.; and Toner, Vanderbilt & Toner, Livingston, N. J. (Haynes N. Johnson, Harold E. Drumm, Stamford, Connecticut, Joseph M. Maguire, New York City, on brief), for appellee.

Before KALODNER, GANEY and ADAMS, Circuit Judges.

## OPINION OF THE COURT

ADAMS, Circuit Judge.

Appellant, Foster Wheeler Corporation ("FW"), here challenges a decision of Judge Reynier J. Wortendyke, Jr. to grant appellee, Babcock & Wilcox Company ("BW"), discovery under 35 U.S.C. § 24, ancillary to an interference proceeding in the Patent Office. Two questions are raised by the appeal: (1) what forum determines questions regarding discovery ancillary to a Patent Office interference proceeding; and (2) what criteria guide the resolution of such questions.

FW filed a patent application on May 27, 1964, pertaining to steam generators. BW filed an application for a similar patent on April 13, 1965. The Patent Office, on August 26, 1968, declared a patent interference, and an interference proceeding was instituted in the Patent Office.[2]

FW's employee and co-inventor, Gorzegno, was previously an employee of BW. Approximately two weeks after

---

1. 35 U.S.C. § 24: "The clerk of any United States court for the district wherein testimony is to be taken for use in any contested case in the Patent Office, shall, upon the application of any party thereto, issue a subpoena for any witness residing or being within such district * * *. The provisions of the Federal Rules of Civil Procedure relating to the attendance of witnesses and to the production of documents and things shall apply to contested cases in the Patent Office. * * "

2. See In re Natta, 388 F.2d 215, 216 (3rd Cir. 1968), for a description of the interference proceeding in the Patent Office authorized generally under 35 U.S.C. § 135.

leaving BW to work for FW, Gorzegno is alleged to have conceived the invention for FW.

Because the Patent Office Rules of Practice contain no pre-trial discovery provisions, parties to contested cases in the Patent Office who seek discovery must resort to the United States district courts under 35 U.S.C. § 24.

Pursuant to that provision, BW applied to the District Court for the District of New Jersey for discovery on February 14, 1969, and on September 26, 1969. The District Court denied each motion as being premature with relation to the contemporaneous proceedings in the Patent Office (the motion period).[3] BW appealed from the February order of the District Court, and this Court dismissed the appeal as lacking the "requisite finality to be appealable". Babcock & Wilcox Co. v. Foster Wheeler Corp., 415 F.2d 777 (3rd Cir. 1969). No appeal was taken from the September order.

BW renewed its discovery motion in May, 1970, and shortly thereafter the period allocated for the taking of its testimony began. On June 3, 1970, the District Court issued an order permitting discovery, but stayed the order to permit FW to appeal. Simultaneously, BW sought an order to enjoin FW from taking further steps in the patent proceeding until the discovery matter was resolved. On June 16, 1970, this Court revoked the order of the District Court staying BW's discovery, and instead stayed both BW and FW "from all further proceedings by them in the United States Patent Office in this matter" pending the present appeal.[4]

■ The jurisdiction over discovery granted by 35 U.S.C. § 24 to the District Court in contested Patent Office matters is exclusive and ancillary to the principal proceeding before the Patent Office.[5] Indeed, the Patent Office Board of Patent Interferences has stated as follows:

"In so far as Gilby et al.'s opposition is grounded on the question of whether or not discovery is permitted, no consideration can be given thereto, the Patent Office having no power or authority to supervise the actual taking of testimony. The determination of the question of whether or not discovery is permitted under the provisions of 35 U.S.C. § 24 is within the sole jurisdiction of the United States District Court." Campbell v. Gilby, 146 U.S.P.Q. 723, 725 (1965).

This statement of the Patent Office was relied on by this Court in In re Natta, 388 F.2d 215, 218 (3rd. Cir. 1968).

As to what criteria a district court must use in regulating the time of discovery, the Seventh Circuit has aptly stated that the district court should exercise its ancillary jurisdiction in a manner "to cooperatively complement Patent Office jurisdiction as an aid to the quest for truth." Natta v. Zletz, 379 F.2d 615, 618 (1967). Nevertheless, this Court has already decided that Patent Office rules of admissibility do not govern discovery, pursuant to the Federal Rules of Civil Procedure in interference proceedings. In re Natta, *supra*, 388 F.2d at 219. Furthermore, the *Zletz* court itself found the district court in error for stating that its own exercise of jurisdiction over discovery should be conditioned on the Patent Office's first setting a specific time for hearing testimony from the parties.

■ FW does not claim any of the above cases are incorrectly decided.

---

3. Interferences move through three distinct stages in the Patent Office: (1) the initial period in which the interference is declared and preliminary statements filed; (2) the motion period (e. g. to dissolve, add and/or substitute a count and/or an application); (3) the testimony period (because "trial" consists of the submission of depositions previously taken, the testimony period is akin to the ordinary judicial trial).

4. The District Court interpreted this order as staying all discovery.

5. *See generally* Babcock & Wilcox Co. v. Combustion Engineering, Inc., 314 F. Supp. 235 (D.Conn.1968) and cases cited therein.

Rather, FW argues that the grant of discovery *now* will in effect reverse the order of proof specified by Patent Office Rules of Practice, 251–259, 37 C.F.R. §§ 1.251–1.259. Those rules require inter alia the junior party to an interference (BW) to prove prior conception of an invention before offering proof of derivation of the invention by the senior party (FW) from the junior party. FW contends that the allowance of broad discovery *now* will permit BW to gather evidence of derivation without having established prior conception, a procedure which is inconsistent with the spirit of the Patent Office Rules. A similar claim was presented in Babcock & Wilcox Co. v. Combustion Engineering Inc., 314 F.Supp. 235 (D.Conn.1968), aff'd mem., 430 F.2d 1177 (2d Cir. 1968), where Judge Zampano stated:

> " * * * [The senior party] urges this Court to foreclose discovery until after the junior party completes its initial presentation because to do otherwise would 'strip the senior party of the procedural advantages accorded him by virtue of his earlier filing date.' * * * [T]he broad mandate of the statute manifests an explicit congressional intent to allow both parties to a patent interference to apply for discovery at any time during the contested proceeding. In this Court's opinion the need for discovery as an aid in the quest for truth may be as compelling when a party submits his direct case as when he prepares to rebut his opponent's presentation.
>
> This is not to say, however, that an automatic and indiscriminate inspection of the senior party's file is authorized. The requirements of good cause, relevance, reasonable designation of documents, and the principles of privilege were designed to prevent the abuses [the senior party] suggests". 314 F.Supp. 237.

We find the reasoning in *Combustion Engineering* persuasive as applied to the present case. FW has raised no objection here with respect to the latter factors enumerated above by Judge Zampano. Also, whether the Patent Office will permit the use of such evidence in the testimony period is a matter beyond the control of the district court. The question here is one of timeliness of discovery, and on this issue we cannot find that Judge Wortendyke abused his discretion in allowing discovery to go forward.

 BW has contended that FW's argument is so lacking in merit as to be frivolous, and has therefore asked this Court to impose double costs on FW pursuant to Fed.R. App.P. 38. Under all the circumstances of this case, we do not believe such imposition to be justified.

Accordingly, the order of the District Court will be affirmed.