Herward A. VOGEL and Minnesota Mining & Manufacturing Company, a corporation of Delaware, Plaintiffs,

v.

Michael Edward Benet JONES and Imperial Chemical Industries Limited, a corporation of Great Britain, Defendants.

Civ. No. 1059–70.

United States District Court,
D. New Jersey.

Feb. 8, 1972.

Lum, Biunno & Tompkins by George J. Koelzer, Richard A. Graddock, Walter J. Fessler, Newark, N. J., for plaintiffs; Kinney, Alexander, Sell, Steldt & De La Hunt, St. Paul, Minn., by Stanley G. De La Hunt, William G. Ewert, St. Paul, Minn., of counsel.

Shanley & Fisher by Raymond M. Tierney, Jr., Newark, N. J., for defendants; Cushman, Darby & Cushman, by Edgar H. Martin, Paul N. Kokulis, Washington, D. C., of counsel.

COOLAHAN, Chief Judge:

The genesis of this case is Interference Nos. 96,167 and 96,500. Vogel, a Minnesota resident, and Jones, a British national, are the parties named in the interference proceedings. Vogel assigned his interest to Minnesota Mining and Manufacturing Company and Jones assigned his to Imperial Chemical Industries, a corporation of Great Britain.

References to Vogel hereafter shall include action taken by 3M and references to Jones shall include I.C.I.'s actions. Both parties seek to be named first inventor of certain moldable plastic compositions called polyarylsulfones.

Priority of invention is determined in a statutory administrative proceeding authorized by 35 U.S.C. § 135. The Third Circuit Court of Appeals has ably summarized the nature of a patent interference.

"The Board of Patent Interferences assumes jurisdiction after the interference is declared by the Patent Examiner. The earliest applicant is awarded the status of senior party and is granted a prima facie date of invention as of the date of his application. All other parties are junior and have the burden of proving a date of actual invention earlier than that of the senior party. After each party files a preliminary statement in which he sets forth the earliest date of invention he intends to claim, the parties are granted a period of time to file motions to clarify or reform the interference prior to trial. The motions are heard by the Patent Examiner who originally declared the interference. The preliminary statements are then exchanged, and the matter returned to the Board of Patent Interferences for trial. The Board then establishes a time schedule within which the parties must present their cases. All evidence must conform to the Patent Office rules. Under those rules, testimony is presented by deposition on oral examination, by affidavit or stipulation. Presentation times are assigned to the various parties based upon the inverse order of filing dates." In Re Natta, 388 F.2d 215, 216 (3d Cir. 1968).

Vogel filed its two patent applications on May 13, 1963. Subsequently, Jones, relying on its prior British filings of November 6, 1962 and March 18, 1963, filed its own single patent application. This application is involved in both interferences. Jones was declared the senior party in Interference No. 96,500 while Vogel was awarded senior party status in Interference No. 96,167.

In the latter interference the Patent Interference Examiner ruled that Vogel, the junior party, was not entitled to take any testimony.[1] Prior to this ruling Vogel instituted discovery proceedings in the United States District Court for the District of New Jersey in accordance with 35 U.S.C. § 24 and Rule 34 F.R.Civ. P. Judge Reynier J. Wortendyke dismissed the action for lack of personal jurisdiction. The Court of Appeals for the Third Circuit reversed and held that the District Court had jurisdiction to compel defendants to produce documents even though they were not within the district. Vogel v. Jones, 443 F.2d 257 (3rd Cir. 1971).

Before the opinion of the court in Before the opinion of the court in Vogel v. Jones was filed the Patent Office ruled that Vogel could not take testimony in Interference No. 96,167. Consequently Jones moved that the action be dismissed as moot. The Court, in denying the motion noted that "the subject matter of Interference No. 96,167 might be so interwoven with that of No. 96,500 that the requirement of relevance can be met by the party seeking discovery."[2] Vogel v. Jones, *supra*, at 258 n. 2.

Shortly thereafter Vogel filed a renewed petition requesting that the Patent Office suspend Interference No. 96,500 so that discovery proceedings in the Third Circuit might be completed. The Assistant Commissioner of Patents ruled that the discovery sought was not justified, one reason being that the sole question in the instant case is the benefit of

---

1. Apparently, if the junior party's preliminary statement fails to overcome the prima facie case made by the effective filing date of his opponent's application there is no reason to allow testimony.

2. Rule 26(b) F.R.C.P. provides that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. . . . "

a prior application by Jones. This question is normally determined from official records and discovery is not considered to be useful. Moreover, it was also noted that Vogel was afforded ample opportunity to take testimony regarding *inter partes* tests directed to the question of whether the disclosure of the British application relied upon inherently supports the counts in issue.

The final result has been that at this point in time no testimony has been taken by Vogel and it is the opinion of the Patent Office that any possible testimony could only be as to irrelevant matters.

*Vogel* insists that the Patent Office decided erroneously and that it should nevertheless be allowed to proceed with discovery. In part, this contention is based upon Vogel's allegation that no testimony or other action was taken in the Patent Office because of Vogel's adherence to an Order of the Court of Appeals for the Third Circuit enjoining all parties from further proceedings in the Patent Office.

█ This Order was filed on August 3, 1971 at a time subsequent to the decision that no testimony would be required. It is also noteworthy that the Order issued upon the motion of Vogel. He should not now be heard to complain that it operated to his prejudice. Be that as it may his relief on that score, if any, is not properly before this Court.[3]

The latest score in the procedural joust has been made by the Board of Patent Interference with the apparent result of checking Vogel. The Board reached a final decision as to Interference No. 96,-500 by awarding priority of invention of the subject matter in issue to Jones, I.C.I.'s assignor. This disposition once again raises the question as to whether the ancillary discovery proceeding before this Court should be dismissed for mootness.

The authority of a district court to order discovery in a patent interference is conferred by 35 U.S.C. § 24:

"The clerk of any United States court for the district wherein testimony is to be taken for use in any contested case in the Patent Office, shall, upon the application of any party thereto, issue a subpoena for any witness residing or being within such district, commanding him to appear and testify before an officer in such district . . . . The provisions of the Federal Rules of Civil Procedure relating to the attendance of witnesses and to the production of documents and things shall apply to contested cases in the Patent Office."

█ It is manifestly clear that Congress intended the broad discovery provisions of the Federal Rules of Civil Procedure to apply in patent interferences. Contentions to the contrary have been considered and disposed of in several circuits including our own. See Gladrow v. Weisz, 354 F.2d 464 (5th Cir. 1955); Natta v. Zletz, 379 F.2d 615 (7th Cir. 1967); In re Natta, 388 F.2d 215 (3rd Cir. 1968).

As the Courts pointed out in Natta v. Zletz, *supra* at 618 and in Gladrow v. Weisz, *supra* at 468, "[c]learly, Rule 34 in connection with 35 U.S.C. § 24 vests authority in the district court to require the production of documents." In both of these cases the Patent Office had preserved the right of the parties in the interference to take testimony and the gist of the opinions was that parties had the right to take testimony in an

3. That Vogel is well aware of this is evident from the fact that a complaint has been filed on behalf of Vogel in the United States District Court for the Eastern District of Virginia alleging unlawful administration of the patent laws. The foundation of this complaint rests in the allegation that the Board of Patent Interferences acted unlawfully in issuing an Order defaulting Vogel for its failure to take certain action in the Patent Office at a time when Vogel was precluded from doing so by a prior Order of the United States Court of Appeals for the Third Circuit. Vogel v. Gottschalk, Civ. Action No. 457-71A (E.D.Va.1971).

ancillary proceeding begun in a United States District Court.[4]

It is also settled that, provided the requirements of Rule 34 are met, a party to an interference may be permitted discovery of documents even where his right to take testimony has expired. Montecatini Edison S. p. A. v. E. I. du Pont de Nemours & Co., 434 F.2d 70 (3rd Cir. 1970); Babcock & Wilcox Co. v. Foster Wheeler, 432 F.2d 385 (3rd Cir. 1970).

In Babcock the court held that a junior party was entitled, prior to the period allocated for the taking of its testimony, to discovery. In *Montecatini* discovery was allowed *after* the testimony period. The reason was that the documents sought might be helpful either in cross-examination or in rebuttal or in persuading the Patent Office to grant an additional period for presenting evidence.

In both *Babock* and *Montecatini* the initial decision of the district court was to permit the discovery sought. Noting that the issue of timeliness of discovery is committed to the sound discretion of the district court, the Third Circuit reiterated the Seventh Circuit's criteria regulating the time of discovery in patent interferences. Quoting Natta v. Zletz, the Court stated that "the district court should exercise its ancillary jurisdiction in a manner 'to cooperatively complement Patent Office jurisdiction as an aid to the quest for truth.'" Babcock & Wilcox Co. v. Foster Wheeler, supra at 387.

In the matter sub judice Vogel argues that the *Natta*[5] cases, read together, require that a party to a patent interference be allowed discovery, not only after the testimony period has expired but even after final determination of the proceeding. A reading of the cases developing the scope of permissible discovery ancillary to a patent interference discloses no justification for such an interpretation. To allow discovery at this juncture would be equivalent to a court permitting discovery in a plenary proceeding where such discovery could not be used in any possible further proceeding.[6]

Moreover, if the need for discovery is considered in the light of the criteria adopted by the Third Circuit in *Babcock*, the mootness of Vogel's request for discovery becomes apparent. The truth of the matter is that Vogel could not be awarded priority even if he establishes the allegations set forth in his preliminary statement.[7] It is thus apparent that any discovery could only be as to irrelevent matters and hence outside the permissible scope of discovery. Rule 26 (b)(1), F.R.Civ.P.

The question of mootness was considered by the Third Circuit in Vogel v. Jones, *supra* at 258 n. 2 but not fully determined. There the Court stated:

"The Patent Office decided on September 8, and October 13, 1970, that no testimony period whatever would be permitted in Interference No. 96,-167. In such circumstance, any discovery sought by either party pursu-

---

4. See Natta v. Hogan, 392 F.2d 686 (10th Cir. 1968), where it was held that the requirement of a "pending" action within Rule 34, F.R.Civ.P., authorizing the court in which an action is pending to order any party to produce and permit inspection and copying of documents, is satisfied by pendency of interference proceedings in the Patent Office.

5. In re Natta, 259 F.Supp. 922 (D.Del. 1966); Natta v. Zletz, *supra*; In re Natta, 388 F.2d 215 (3rd Cir. 1968); Natta v. Hogan, *supra*.

6. Interferences move through three distinct stages in the Patent Office: (1)

the initial period in which the interference is declared and preliminary statements filed; (2) the motion period (e. g. to dissolve, add and/or substitute a count and/or an application); (3) the testimony period (because "trial" consists of the submission of depositiors previously taken, the testimony period is akin to the ordinary judicial trial).

7. Jones v. Vogel, Patent Office Interference No. 96,167, paper no. 42. See also Vogel v. Jones, Patent Office Interference No. 96,500, document dated June 25, 1971.

ant to Interference No. 96,167 would appear to be of irrelevant matters, and therefore improper. See Fed.R.Civ.P. 26(b); cf. Babcock & Wilcox, *supra*, 432 F.2d at 388; In re Natta, 388 F.2d at 220. Yet, conceivably the subject matter of Interference No. 96,167 might be so interwoven with that of No. 96,500 that the requirement of relevance can be met by the party seeking discovery. Accordingly, the motion to dismiss as moot will be denied."

The situation now, however, is that no testimony period will be allowed in Interference No. 96,500 as well. Consequently it is the conclusion of the Court that Vogel's motion for discovery must be dismissed. It has been decidedly rendered moot by virtue of the Board of Patent Interferences decision of November 24, 1971 awarding priority of invention to Jones.[8]

Accordingly, it is on this 8th day of February, 1972 Ordered that the defendants' motion to dismiss be and the same is hereby granted without costs.

8. Vogel v. Jones, Patent Office Interference, *supra*, paper no. 75.