John S. NACHTMAN, Plaintiff,

v.

Harry A. TOULMIN, Jr.

and

The Commonwealth Engineering Company of Ohio, Defendant.

No. 2548.

United States District Court
S. D. Ohio, W. D.

June 27, 1961.

Marechal, Biebel, French & Bugg, Dayton, Ohio, Ooms, McDougall, Williams & Hersh, Chicago, Ill., of counsel, for plaintiff.

Pickrel, Schaeffer & Ebeling, Dayton, Ohio, for defendants.

———◆———

WEINMAN, District Judge.

This matter is before the Court on the motions of defendants, Harry A. Toulmin, Jr. and The Commonwealth Engineering Company of Ohio, to quash summons and on the motions of defendants, Harry A. Toulmin, Jr., and The Commonwealth Engineering Company of Ohio, to dismiss the complaint.

The background of this matter is as follows:

On October 3, 1955, the United States Patent Office established an interference with respect to plaintiff's patent No. 2,-699,415 and an application of defendant, Toulmin, Serial No. 294,774. Said interference was subsequently divided into a number of separate interferences, including Interference No. 87,976 from which this matter arises.

On June 4, 1959, all right, title and interest in and to the invention covered by the Toulmin application, Serial No. 294,774, was owned by The Commonwealth Engineering Company of Ohio and on that date the same was assigned to Union Carbide Corporation. That assignment was recorded in the Patent Office on July 13, 1959.

On September 20, 1960, the Board of Patent Interferences of the United States Patent Office, in Interference No. 87,976, found that the count in question "may be 'reasonably' interpreted to read on the indicated combined steps of the Toulmin coating chamber" and therefore concluded that the application of defendant, Toulmin, supported the claim. The Board of Patent Interferences, as a result, awarded the priority of the invention covered by the count in interference to defendant, Toulmin.

Within thirty days of the decision of the Board of Patent Interferences, plaintiff, pursuant to Rule 304 of the Rules of Practice of the United States Patent Office, 35 U.S.C.A.Appendix, petitioned the Board of Patent Interferences for a reconsideration of its decision and on November 14, 1960, the Board of Patent Interferences affirmed its award of priority to Toulmin.

Then, on December 9, 1960, within thirty days after the affirmance by the Board of Patent Interferences, and as prescribed by Rule 304, plaintiff filed his complaint in this action against the defendants, Harry A. Toulmin, Jr., and The Commonwealth Engineering Company of Ohio. Service of summons was made on defendant, Harry A. Toulmin, Jr., on December 13, 1960, and on defendant, The Commonwealth Engineering Company of Ohio on December 12, 1960.

The jurisdiction of this Court is invoked by plaintiff by virtue of Title 35 U.S.C.A. § 146, which provides, in part, as follows:

"Any party to an interference dissatisfied with the decision with the Board of Patent Interferences on the question of priority, may have remedy by civil action, if commenced within such time after such decision, not less than sixty days, as the Commissioner appoints or as provided in section 141 of this title, unless he has appealed to the United States Court of Customs and Patent Appeals, and such appeal is pending or has been decided. * * *"

"Such suit may be instituted against the party in interest as shown by the records of the Patent Office at the time of the decision complained of, but any party in interest may become a party to the action. If there be adverse parties residing in a plurality of districts not embraced within the same state, or an adverse party residing in a foreign country, the United States District Court for the District of Columbia shall have jurisdiction and may issue summons against the adverse parties directed to the marshal of any district in which any adverse party resides. * * *"

On December 29, 1960, the defendants filed the motions now under consideration. Though defendants cite several reasons in support of their motions to dismiss, they rely basically on the fact that the plaintiff failed to join as a party defendant Union Carbide Corporation. The plaintiff recognizes and concedes the fact that Union Carbide Corporation is an indispensable party to this action. Accordingly, the plaintiff has filed a motion, pursuant to Rules 15 and 21 of the Federal Rules of Civil Procedure, 28 U.S.C.A., to amend the complaint to add Union Carbide Corporation as a party defendant. The plaintiff argues that he

failed to join Union Carbide Corporation as a party defendant because he was unaware of the assignment to said corporation from The Commonwealth Engineering Company of Ohio. Plaintiff says that the reason he was unaware of said assignment was due to defendants' failure to comply with Rule 201(c) of the Rules of Practice of the United States Patent Office which provides as follows:

"(c) Interferences will not be declared, nor continued, between applications or applications and patents owned by the same party unless good cause is shown therefor. The parties shall make known any and all right, title and interest affecting the ownership of any application or patent involved or essential to the proceedings, not recorded in the Patent Office, when an interference is declared, and of changes in such right, title or interest, made after the declaration of the interference and before the expiration of the time prescribed for seeking review of the decision in the interference."

The defendants argue that the instant action is brought under Title 35 U.S.C.A. § 146, hereinbefore quoted, which provides, in part, "such suit may be instituted against the party in interest as shown by the records of the Patent Office at the time of the decision complained of" and since the assignment was recorded in the Patent Office on July 13, 1959, the records of the Patent Office at the time of the decision complained of showed that Union Carbide Corporation was a party in interest.

■ Upon review of this matter, the Court finds that the defendants did fail to comply with Rule 201(c) of the Rules of Practice of the United States Patent Office. However, the purpose of the provision in Rule 201(c) which requires parties to make known "changes in such right, title, or interest, made after the declaration of the interference and before the expiration of the time prescribed for seeking review of the decision in the interference" is to *advise the Board* as to the ownership of the application for patent involved or essential to the proceedings since "interferences will not be declared, nor continued, between applications or applications and patents owned by the same party unless good cause is shown therefor."

■ The plaintiff cannot argue that he relied on Rule 201(c) to be kept advised of the ownership of title since interferences are declared between applications rather than applicants and are intended to disclose and determine which invention was first produced, not who has the title. Hillard v. Remington Typewriter Co., 2 Cir., 1911, 186 F. 334; Westinghouse v. Hien, 7 Cir., 1907, 159 F. 936; Katzman v. Georgiev, D.C.S.D. N.Y.1936, 15 F.Supp. 769. In fact, matters touching transfers of title by applicants are not regarded as being relevant in the interference proceedings. See Katzman v. Georgiev, supra, and Hicks v. Keatings, 40 O.G. 343 (1887). Therefore, the defendants' failure to comply with Rule 201(c) does not excuse the plaintiff's failure to name Union Carbide Corporation as a party defendant in this action.

In any event, it is clear that the party in interest, Union Carbide Corporation, "was shown by the records of the Patent Office at the time of the decision complained of" and a search of those records would have disclosed said fact to the plaintiff.

Accordingly, the defendants' motions to dismiss are well taken and it should be and they hereby are sustained.