Gerald **BARNES** and Joseph R.
Preziosi, Plaintiffs,

v.

Richard J. **DUFFY**, Defendant..

**EBD No. 74–100.**

United States District Court,
D. Massachusetts.

Dec. 31, 1974.

Herbert P. Kenway, Kenway & Jenney, Boston, Mass., Curtis F. Prangley, J. Terry Stratman, Prangley, Dithmar, Vogel, Sandler & Stotland, Chicago, Ill., for petitioners.

Vincent A. White, Beverly, Mass., James P. Hume, Gerald D. Hosier, Hume, Clement, Brinks, Willian, Olds & Cook, Ltd., Chicago, Ill., for respondent.

## MEMORANDUM

MURRAY, District Judge.

Barnes and Preziosi (Barnes) seek subpoenas under 35 U.S.C. § 24 for the attendance of witnesses to testify before an officer authorized to take depositions, and for the production of documents, to be used in a contested case pending in the United States Patent Office before the Board of Patent Interferences (Board). Duffy, also a party to the case pending before the Board, seeks orders from this court to quash the subpoenas duces tecum and for a protective order to prevent the taking of testimony from the persons named in the subpeonas. After hearing the parties, the court directs that orders shall enter granting the relief sought by Duffy, and denying the discovery sought by Barnes.

### I

The contested case pending before the Board is a dispute between Barnes and Duffy on the question of priority of invention of certain items or processes relating to plastic coating of threaded fasteners, for which each seeks patents. The dispute is referred to as an "interference", 35 U.S.C. § 135, and is an administrative proceeding initiated by the Commissioner of Patents.[1] On April 23, 1974 the Board denied Barnes' request for substantially the same discovery sought here on the grounds (1) the request for information as to Duffy's case-in-chief was premature, (2) requests for information related to the issue of third-party claims of invention, not ancillary to the claims of Barnes and Duffy, which would not be considered by the Board on the issue then pending before it, and (3) requests related to possible fraud by Duffy in his application, which, no colorable showing of fraud having been made, would not be considered by the Board on the issue before it. On May 28 the Board denied Barnes' motion for reconsideration of its order denying discovery.

Barnes, the junior party, presented to the Board testimony-in-chief on the issue of priority commencing June 10, under a schedule fixed by the Board for presenting such testimony which expired September 27. During this period, Duffy moved in the Patent Office to strike the application of Barnes alleging the application is fraudulently defective because of the disparity in material facts between the sworn application and the sworn preliminary statement. The Patent Office suspended the taking of further testimony subsequent to the presentation of Barnes' testimony-in-chief,

---

1. An interference is said to be a dispute between applications, rather than applicants, to determine which invention was first produced. Nachtman v. Toulmin, 196 F.Supp. 367, 369 (S.D.Ohio 1961). In the interference the party who first filed application for the patent is called the "senior party"; all other parties to the interference are "junior parties". The burden of proof on the issue of priority is on the junior party.

pending resolution of Duffy's motion. Further, the Board has not set the dates for Duffy to present his case. If Duffy's motion is granted, the interference will be resolved ipso facto in favor of Duffy.

## II

▇ Until 1971, discovery in patent interferences could be had only in the United States District Courts pursuant to 35 U.S.C. § 24, and the Board had no power to compel discovery. The absence of such power in the Board may have contributed largely to the comparatively broad discovery granted in interferences by the federal courts under Fed.R.Civ.P. Babcock & Wilcox Co. v. Foster Wheeler Corp., 432 F.2d 385, 387 (3rd Cir. 1970); Frilette v. Kimberlin, 358 F. Supp. 493, 496 (D.Del.1973), aff'd, 508 F.2d 205 (3rd Cir. 1974); cf. Babcock & Wilcox Co. v. Foster Wheeler Corp., 173 U.S.P.Q. 480, 484 (D.N.J.1972). However, in May 1971 the Patent Office adopted Rule 287 which provides discovery in interferences (1) to the opposing party, by requiring a party to furnish the opponent lists of things and names and addresses of witnesses, and copies of documents to be relied upon, and to indicate the relationship of the witnesses to the invention in issue, and (2) upon motion by the opponent and a showing that the interests of justice require "additional discovery" within the scope of Fed.R.Civ. P., the Board may grant and specify terms and conditions of additional discovery. Since Rule 287 was adopted the relation between the "additional discovery" provided under Rule 287 and discovery under 35 U.S.C. § 24 is not settled. Compare Babcock & Wilcox Co. v. Foster Wheeler Corp., 173 U.S.P.Q. 480, 481, 483–84 (D.N.J.1972), with Lomax v. Kihara v. VanDerOhe, 175 U.S.P.Q.

538 (D.D.C.1972). It appears, however, in light of the cases decided before and after adoption of Rule 287, the nature of the interference proceedings, and the provisions of Rule 287, that certain generalizations can be stated:

(1) in the administrative determination of the merits of the interference, the discovery procedures should in the first instance be governed by Rule 287;

(2) where the Board denies a party's request for additional discovery and the party applies for the discovery to a district court, the court may not refuse jurisdiction but should accord deference to the Board's decision and give weight to the Board's determination in reaching its own conclusions;

(3) where the Board denies a party's request for additional discovery and a strong showing is made in the district court of special circumstances related to the merits of, or ancillary to, the interference then under consideration by the Board, that the interests of justice require the additional discovery, a district court would be warranted in allowing discovery.[2]

## III

[4] Barnes argues that the discovery sought here is for the following purposes:

(a) for use in cross-examination during Duffy's testimony-in-chief,

(b) for use in rebuttal of Duffy's testimony-in-chief, and

(c) for use in support of a motion under Patent Office Rule 56 to strike Duffy's application on the ground of fraud.

2. But see Frilette v. Kimberlin, 508 F.2d 205 (3rd Cir. 1974), and Duffy v. Barnes, 508 F.2d 205 (3rd Cir. 1974), where the court concluded that 35 U.S.C. § 24 " . . . does not grant broad discovery authorization to the district courts in patent interference cases but limits ancillary jurisdiction to the issuance of subpoenas as permitted by prior practice"; i. e., the attendance of witnesses and the production of documents under 35 U.S.C. § 24, the court held, " . . . refers to the matters encompassed by Fed.R.Civ.P. 45(a), (b), (c), (d)(2), (3) and (f)".

The grounds asserted in (a) and (b) may be promptly disposed of. The court concludes the decision of the Board, that discovery sought for use against Duffy's testimony-in-chief is premature, should be followed here. The Board has set no time for Duffy to present his testimony-in-chief. Moreover, Duffy has not filed his list or copies of documents under Rule 287, and Barnes therefore cannot know on what Duffy intends to rely. Consequently, until Duffy files his lists and copies of documents, discovery aimed at Duffy's testimony-in-chief would be indeed speculative. The conclusion that at this time the discovery sought by Barnes is premature gives recognition to the speculative nature of Barnes' venture, and his request on grounds (a) and (b) should be denied.

### IV

 In seeking discovery to support a motion to strike Duffy's application on the ground of fraud, Barnes is faced with the determination by the Board that his claim of fraud was not "even a colorable showing". That determination is entitled to deference and to be given weight by the court for, among other reasons, it relates to a matter beyond the narrow issue of priority presented in the interference, and is ancillary to priority. Under Rule 56 (37 C.F.R. § 1.56) of the Rules of the Patent office, however, the issue of fraud in the filing of the application may properly be raised in an interference proceeding, and the court should therefore proceed to examine the claim in reaching its own conclusion whether balancing Barnes' claim against the Board's determination Barnes has shown enough to warrant the court in allowing discovery.

 In the memorandum submitted by Barnes in support of discovery on the ground of fraud, he refers to the "possible fraud in the prosecution of the Duffy patent and applications and in this Interference". He then points to Duffy's Application Serial No. 599042; the filing by Duffy of a continuation-in-part Application Serial No. 628683, after Duffy's abandonment of No. 599042; and the filing of Application Serial No. 778636 by Duffy. He asserts there are omissions in the applications and inconsistency between Duffy's preliminary statement and the prosecution of his applications, and that such inconsistency "is apparent". He argues that "fraud is . . . strongly suggested by" the circumstances which he has pointed to in his memorandum. (The "circumstances" are referred to on pages 5 and 6 of his memorandum.)

The main thrust of Barnes' presentation and argument for discovery on "the ground of fraud" is that on their face the documents before the Board give rise to suspicion of fraud, and that discovery will aid Barnes to demonstrate the grounds of fraud. In effect, Barnes' concedes that evidence of fraud even by inference is not shown by the documents. The Board is in a much better position than is this court to draw inferences from the documents on file in the Patent Office, and from the conduct and tactics employed by Duffy in the prosecution of his patent and applications in the interference, to say whether Barnes has made "even a colorable showing" of his claim. In any event, Barnes has not made a sufficient showing in this court that the interests of justice require the discovery that he seeks on this ground, and therefore it should be denied.